1      UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| Phimpha Thepvongsa, Et al | Case No. C10-1045RSL |
|---|---|
| Plaintiff Pro Se, | Complaint for Temporary Restraining Order and permanent injunction; Wrongful Foreclosure; Breach of Contract; Intentional infliction of Emotional Distress; Slander of Title; Breach of Fiduciary Duty; Breach of Quasi-fiduciary duty; Violation of Fair Debt Collection Practices Act 15 U.S.C § 1601, et seq , Violations of Fair Credit Reporting Act 15 USC § 1681;VIOLATIONS of RESPA, 12 U.S.C § 2603. et seq. |
| vs. | |
| Regional Trustee Services Corporation; Old Republic Title LTD.; Ocwen Loan Servicing LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc.; New Century Mortgage Corporation; Deutsche Bank National Trust Company; Morgan Stanley ABS Capital I Inc.; and Doe Defendants 1 through 20 | |

2

3   Comes now I, Plaintiff, Phimpha Thepvongsa, pro se, for this Complaint against the Defendants hereby
4                                    complains and alleges as follows:

5                              **I.   Parties**
6       1.  I, Plaintiff, Phimpha Thepvongsa, am  a resident of King County, Washington as such
7           establishing the jurisdiction of this honorable court.
8
9       2.  Regional Trustee Services Corporation, is a Washington Corporation that is licensed to
10          conduct business in the State of Washington, and which does conduct business by, among
11          other things, acting as a foreclosure trustee and acting as a "debt collector" as defined by
12          FDCPA, 15 USC § 1601. Et seq.
13
14

3. Old Republic Title Ltd., is a Delaware Corporation, that is licensed to operate in the State of Washington, presumably operating as a title insurance company.

4. Ocwen Loan Servicing LLC, is a Delaware Corporation, is a licensed corporation to operate in the State of Washington, and does hereby conduct business by, among other things, acting as a "debt collector" as defined by FDCPA, 15 USC § 1601. Et seq.

5. Saxon Mortgage Services Inc., is a Texas Corporation, that is NOT licensed to conduct business in the State of Washington, however, but does conduct business in the State of Washington by acting as a "debt collector" as defined by FDCPA, 15 USC § 1601. Et seq.

6. Mortgage Electronic Registration Systems, INC. is a Delaware corporation that is NOT licensed to conduct business in the State of Washington, however, but purports to obtain security interests in real property located in the State of Washington, and purports to have acquired an interest in Plaintiff's real property first as a "nominee" but also as a "beneficiary" under the terms of the New Century Deed of Trust executed by Plaintiff without clear recorded documentation to do so.

7. New Century Mortgage Corporation formally a California corporation previously was licensed to conduct business in the State of Washington, however, said corporation's license expired on October 31st, 2007 as said corporation was dissolved February 1, 2008. Said corporation did conduct business by, among other things, engaging in mortgage lending activities, obtaining security interests in real property located in the state of Washington. This activities included acting as a "debt collector" as defined by FDCPA, 15 USC § 1601. Et seq., The Defendant is also a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681 et seq. and also reports these accounts to national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis as well as all national credit reporting agencies.

8. Deutsche Bank National Trust Company has an address in Santa Ana, California, but Plaintiff is presently uncertain as to where the company is registered. It is not registered to conduct business in the State Washington as it is not licensed with the Secretary of State,

however said corporation purports to obtain security interests in real property located in the State of Washington, as well as purporting to have acquired an interest in Plaintiff's real property as a "Trustee" under the terms of the New Century Deed of Trust executed by Plaintiff

9. Morgan Stanley ABS Capital I Inc., a Delaware Corporation, is not registered in nor licensed to conduct business in the State Washington, is not licensed with the Secretary of State, however purports to obtain security interests in real property located in the State of Washington, and purports to have acquired an interest in Plaintiff's real property as a "Beneficiary" under the terms of the New Century Deed of Trust executed by Plaintiff.

10. The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership associate or otherwise, are presently unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff alleges on information and belief that each Defendant is responsible in some manner for the events described herein and is liable to Plaintiff for the damages incurred by Plaintiff. Plaintiff will amend this Complaint to show the true names and capacities of the Doe Defendants when they have been ascertained.

11. At all times mentioned herein, the Defendants, and each of them, were the agents, servants, representatives and/or employees of each of the remaining, Defendants and were acting within the course and scope of such agency or employment. The exact terms and conditions of the agency, representation or employment relationships are presently unknown to the Plaintiff at present, however when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

## II. <u>FACTUAL ALLEGATIONS</u>

1. Plaintiff has been a victim of the mortgage lending mess created by Wall Street, mortgage lenders, and servicers, Defendants named in this complaint, those who engage in an established pattern and business practices designed and intended to deceive and mislead homeowners regarding application of their payments and the amounts owing under

1       promissory notes and deeds of trust, and upon the courts and county recorders offices
2       regarding their ownership interest in the promissory notes and deeds of trust under which they
3       are collecting fees and/or initiating foreclosures.

5   2. Plaintiff applied for and obtained a Home loan from Defendant New Century Mortgage
6       Corporation on January 19, 2007. In connection with the making of the loan, Plaintiff executed
7       a Deed of Trust for Defendant New Century Mortgage Corporation, which was recorded in the
8       records of King County, Washington on January 24, 2007. A copy of the Deed of Trust is
9       attached hereto and incorporated herein by reference as Exhibit "1". That Deed of Trust
10      ("DoT") contained a false representation on its face when it represented that Defendant MERS
11      was a beneficiary under said DoT.

13   Paragraph 1
14       "…and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely
15       as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). "
16 As will be demonstrated below, in the legal Brief by amici curiae attached to and incorporated herein by
17 reference as Exhibit "2", in addition see citings in attached brief by Gregory Taylor Appellant v. Deutsche
18 Bank National Trust Company as Trustee for FFMLT 2006-FF4, Mortgage Pass-Through Certificates,
19 Series 2006-FF4 Appellee APPEAL IN CAUSE NO. 05-2008-CA-065811 supports defendants MERS lack of
20 Standing attached hereto and incorporated herein by reference as Exhibit "3".

22 MERS in NOT the beneficiary under the DoT, has never had ownership nor possession of the
23 Promissory Note which is the obligation which is secured by the DoT, and MERS has never been
24 entitled to receive any remuneration from Plaintiff's Loan Proceeds. The statement that MERS is
25 the "Nominee" is nonsensical language which serves no relevance in a real estate transaction and
26 most certainly, MERS has no beneficial interest under the DoT.

28   3. After obtaining the loan in 2007, Plaintiff made monthly payments toward the loan to
29      Defendant New Century Mortgage Corporation, which held itself out as the Lender and/or
30      servicer, and at some point later after the mortgage had been apparently sold to Saxon
31      Mortgage Services which also held itself out as the owner and/or servicer. Plaintiff did not
32      receive notice of such sale/transfer from either entity, nor was there an assignment of Deed of
33      Trust filed in the records of King County, Washington. Plaintiff did not receive notice of such

1      sale/transfer of any kind in regards to the purported change in Ownership and/or servicing of
2      the mortgage loan including the alleged transfer to Ocwen, as required by law. RESPA, 12 USC §
3      2601, et seq.

4. On or about June 2008 Plaintiff stopped receiving monthly statements from Defendant New Century apparently shortly after the company had filed for bankruptcy.

5. On November 5th, 2008, a Bethany Hood, purportedly a VP with Defendant MERS executed an Assignment of Plaintiff's mortgage loan from Defendant MERS (whom has no beneficial interest in said DOT executed by Plaintiff) to Defendant Duetsche Bank National Trust Company as Trustee for Defendant Morgan Stanley ABS Capital I. The notary stamp, by James C. Morris, asserts that Ms. Hood is "personally known" to him to be a VP of Defendant MERS. A copy of the Assignment of Deed of Trust is attached hereto and incorporation herein by reference as Exhibit "4". On that same day, a Scott Walter purportedly an AVP of Defendant Saxon Mortgage Services, who is purportedly an Attorney-in-Fact, for Defendant, Duetsche Bank National Trust Company, executed an appointment of Successor Trustee, appointing Defendant Regional Trustee Services Corporation as Successor Trustee. Again the Notary Stamp, by Mark Bischof, asserts that Mr. Walter is "personally known" to him to be an AVP of Defendant Saxon Mortgage Services. A copy of the Appointment of Successor Trustee is attached hereto and incorporated Herein by reference as Exhibit "5".

6. Defendant Regional Trustee Services Corporation ("RTS") filed a Notice of Trustee Sale with the King County Recorder on December 5, 2008, under King County Auditor's recording number 20081205000848 stating that Defendant MERS, as Beneficiary, (whom has no beneficial interest in DoT executed by Plaintiff) . This document stated several charges including "Beneficiary Advances" in the amount of $346.17. Plaintiff was not advised in any way as to how "Beneficial Advances" are defined. This sale was discontinued with no explanation or notice to Plaintiff and has yet to be disclosed by Defendant RTS.

7. Defendant Regional Trustee Services Corporation ("RTS") filed a Notice of Trustee Sale with the King County Recorder on December 31,209 under King County Auditor's recording number

1 | 20091231001111, stating that Defendant MERS, as Beneficiary, (whom has no beneficial
2 | interest in DoT executed by Plaintiff). This document stated several charges including
3 | "Beneficiary Advances" in the amount of $4,749.77. Plaintiff was not advised in any way as to
4 | how "Beneficial Advances" are defined. This sale was discontinued with no explanation or
5 | notice to Plaintiff and has yet to be disclosed by Defendant RTS.

8. Without knowledge of Defendant Ocwen. On March 23rd, 2010 Plaintiff did serve via 1st Class Certified Mailing Return Receipt Requested a Dispute of Debt as defined in Fair Credit Reporting Act 15 USC §1681, et seq. , a Demand of Validation under Fair Debt Collection Practices Act 15 USC § 1601, and a Qualified Written Request - Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e); Regulation X at 24 C.F.R. § 3500 et seq. Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq. to Defendant "Ocwen", in an attempt to determine what, if any, interest Defendant Ocwen claimed in Plaintiff's home loan. Defendants Ocwen, by signature accepted (signed by a Mr. or Ms. Lopez the signature is somewhat illegible) said correspondence on March 29th, 2010 as evidenced by the Return Receipt card. This same correspondence was also sent to Defendants "RTS", Defendants "New Century", Defendants "Old Republic", Defendants "MERS" in hopes that it would be received by the party that could provided solid explanation and validation of this debt.

9. Defendant Ocwen responded to the above referenced Debt Validation Demand claiming their alleged beneficial interest was transferred on November 16th, 2009, by and through Defendant Saxon Mortgage Services ("Saxon"). There is no documentation of record "Defendant Saxon" acquiring any beneficial interest in Plaintiff's Home Loan filed with the King County Auditor's office, nor did Plaintiff receive notice at any time as to such transfer to Defendant Saxon, There also is no documentation of record filed with the King County Auditor's office of the alleged transfer made by Defendant Saxon to Defendant Ocwen, however Defendant Ocwen claims in a response to Plaintiff's Demand of Validation that it acquired his Home loan from Saxon Mortgage Services on November 19th, 2009. In this response included a copy of Plaintiff's Promissory Note and what is claimed to be the application to Defendant New Century, and a settlement statement. On the application provided by Defendant Ocwen pages 1 and 2 of the

application were not initialed by Plaintiff nor is the provided HUD-1 Settlement Statement, leading to further suspicion that these documents may have been altered without Plaintiff's knowledge after his submission to Defendant New Century. This response does not begin to provide adequate Validation of Debt claimed to be owed to Ocwen and simply raised more questions, those that Plaintiff requested responses to. Defendant Ocwen refused to answer Defendant specific questions in relation to the accounting and servicing of the loan. Defendant Ocwen failed to provide any documentation relating to the process of how Defendant Ocwen obtained Plaintiff's private and confidential information or application for the initial home loan applied for to Defendant New Century.

10. After receipt of additional Notice's of Dispute and Demands for Validation Defendant RTS did, finally, continue the pending Trustee Sale originally scheduled for April 2nd, 2010 until June 25th, 2010.

11. Due to all Defendants failure to Validate the Debt or provide adequate responses the Plaintiff's dispute, Plaintiff is still attempting to ascertain who **if any** of the named Defendants have a valid interest or claim in the home loan referenced to in this complaint, affecting real property owned by Plaintiff via the original Deed of Trust and Promissory Note granted to Defendant New Century. No Defendants named in this complaint have provided valid evidence of the debt and have failed to provide to Plaintiff the requested information as such. All defendants are in default of their obligations under Fair Credit Reporting Act 15 USC §1681, et seq. and also a Demand of Validation under Fair Debt Collection Practices Act 15 USC § 1601 et seq. . Defendants Old Republic, RTS, & Duetsche, who claim to be acting trustee, are also in default of their Fiduciary Duties to act in good faith and honesty to all parties including Plaintiff.

12. Plaintiff did not receive formal written notice of the purported change in ownership and/or servicing of the mortgage loan from any of the defendants named herein, including Defendant Saxon, Defendant Ocwen, Defendant Deutsche, Defendant Morgan Stanley, prior to the alleged transfer, as required by law. RESPA, 12 USC § 2601, et seq. Instead, Defendant Regional Trustee began foreclosure proceeding without properly verifying that it was being instructed to do so by a party with the appropriate authority to do so.

Regarding the issue of Defendant MERS alleged status as a "beneficiary" under the New Century Deed of Trust executed by Plaintiff, its own records demonstrate the falsity of the information on the document. There is an overwhelming amount of case law emerging throughout the country which supports the fact that MERS is **NOT** a Beneficiary and furthermore has no rights or ability to transfer interests or authority in a Deed of Trust to another party. See citings in attached Brief by amici curiae attached hereto and incorporated herein by reference as Exhibit "2", in addition see citings in attached brief by Gregory Taylor Appellant v. Deutsche Bank National Trust Company as Trustee for FFMLT 2006-FF4, Mortgage Pass-Through Certificates, Series 2006-FF4 Appellee APPEAL IN CAUSE NO. 05-2008-CA-065811 supports defendants MERS lack of Standing attached hereto and incorporated herein by reference as Exhibit "3".

### III.   Infliction of Emotional Distress

1. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

2. Defendants named in this complaint's conduct with regard to Plaintiff constitutes the tort of outrage and entitles Plaintiff to damages in an amount to be established at the time of trial.

3. In the alternative, all of the corporate Defendants' conduct with regard to Plaintiff constitutes the tort of intentional infliction of emotional distress and/or reckless disregard for the infliction of emotional distress, which entitles Plaintiff to an award of damages in an amount to be established at the time of trial.

### IV.   SLANDER OF TITLE

1. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

2. All Defendants have caused to be recorded numerous false documents in the records of King County, Washington, including the original Deed of Trust executed by Plaintiff containing

false statements with regards to MERS' beneficial interest in said Deed of Trust executed by Plaintiff, Assignments, Appointment of Successor Trustee, and Notices of Trustee's Sale, which impaired Plaintiff's title and which constitutes slander of title.

3. Furthermore, the actions of Defendants regarding the recording of the documents, in contravention of the laws of the State of Washington, and the recording of these false documents, having negative impact upon and impair the credit scores of Plaintiff such that it prevents Plaintiff the ability to obtain financing in the form of a new mortgage loan or other lines of credit.

## V. Breach of Fiduciary Duty or Quasi-Fiduciary Duty

1. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

2. Defendants are obligated through their fiduciary duty or quasi-fiduciary duty to Plaintiff, including but not limited to, providing Plaintiff with fair and honest disclosure of all facts that might be presumed to influence him in regard to its actions, including those facts favorable to a creditor and adverse to Plaintiff's interest as it relates to the mortgage loan. Defendants also had a duty to report truthful information on documents that they recorded in the records of King County, Washington and to act in conformity with the laws of the State of Washington and federal laws relation to mortgage servicing, and they did not do so.

## VI. Violation of Consumer Protection Act

1. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

2. Defendants have engaged in a pattern of unfair business practices in violation of the Washington Consumer Protection Act, RCW 19.86 et seq,. Entitling Plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute.

3. Plaintiff alleges that Defendants' actions and inactions have impaired and damaged him, entitling Plaintiff to damages to be proven at the time of trial.

### VII. Complaint for Temporary Restraining order and issuance of a Preliminary Injunction

1. By way of the filing of a separate motion, Plaintiff will move for issuance of temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

2. In order to obtain an injunction, a Plaintiff must show that: (1) he has a clear legal or equitable right; (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him. Kucera v. State, Dept. of Transportation, 140 Wn.2d 200, 209, 995 P 2d 63 (2000). Such criteria is evaluated by balancing the relative interests of the parties, and if appropriate, the interest of the public. Ultimately, the decision to grant a preliminary injunction is within the sound discretion of the trial court, with such discretion to be exercised according to circumstances of each particular case. Washington Fed'n of State Employees v. State, 99 Wn.2d 878, 887 (1983) (citations omitted).

3. Here, Plaintiff has demonstrated that he has a clear legal or equitable right to enjoin the foreclosure since it will necessarily impact title to his real property which will not be compensable by the payment of money damages. He also has a legal right to seek to enjoin the foreclosure sale under the Deed of Trust Act of Washington RCW 61.24.130. Plaintiff has a well grounded fear of an invasion of that right in that if the sale is not restrained, he will lose legal title to this real property, in spite of the fact that the purported foreclosing trustee does not have the legal right to act as a trustee and/or conduct the sale. Further, the acts complained of will result in the loss of Plaintiff's real property to the purported owner of the mortgage loan, Defendant Morgan Stanley, if the sale is not enjoined. For these reasons, Plaintiff is filing a separate motion for a temporary restraining order and ultimately for a preliminary injunction.

### VIII. Violations of Fair Debt Collection Practices Act

1. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

2. The Defendants Regional Trustee Services Corporation located in Seattle, WA ; Defendant Ocwen Loan Servicing LLC incorporated the state of Delaware; Mortgage Electronic Registration Systems, Inc located in Flint, MI; Deutsche Bank National Trust Company, the Plaintiff is currently ignorant of the location of this defendant, however the Defendant does have an address in CA, are 3rd party debt collectors and as such are governed under the law by The Fair Debt Collection Practices Act 15 USC §1601,et seq.

3. The Defendants Ocwen Loan Servicing LLC, Morgan Stanley are also credit lenders and as such are governed under the law by The Fair Credit Reporting Act 15 USC § 1681,et seq. and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis all national credit reporting agencies. The State of Washington abides by and adheres to these laws. Specifically the Fair Credit reporting Act 15 USC § 1681, et seq. and FDCPA and §1681p of the FCRA. The Defendants are governed under these laws.

4. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with these Defendants.

5. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question. However the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect a debt and credit reporting of the alleged debt, violated the civil right of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC § 1681,et seq. Fair Debt Collection Practices Act §1601 et seq.

6. Defendant Regional Trustee Services Corporation ("RTS") filed a Notice of Trustee Sale with the King County Auditor's office on December 31, 2009 under recording number 20091231001111, stating that Defendant MERS, as Beneficiary, without a sale/transfer/assignment being of record initiated the foreclosure. Defendant MERS has no beneficial interest. Said notice stated several charges including "Beneficiary Advances" in the amount of $4,749.77. Plaintiff has not been notified as to how "Beneficiary Advances" are defined, though an explanation has been requested without a response from Defendant Northwest Trustee's Services (NTS).

7. On or about On March 23rd, 2010 Plaintiff served via 1st Class Certified Mailing Return Receipt Requested a Dispute of Debt as defined in Fair Credit Reporting Act 15 USC §1681, et seq., a Demand of Validation under Fair Debt Collection Practices Act 15 USC § 1601, to Defendant "Ocwen", Defendant Ocwen, acknowledged receipt of said notice by signature (on March 29th, 2010 as evidenced by the Return Receipt card signed by a Mr. or Ms. Lopez the signature is somewhat illegible).

8. No evidence of any account/debt has been received from Defendant Ocwen to indicate any evidence of any alleged debt.

9. The Plaintiff had obtained a credit report June 2010, which revealed facts that from April 2008 through Nov 2009 Both Defendants Saxon and Ocwen had entered derogatory information into the Plaintiffs Trans Union and Experian and Equifax Credit Reports indicating that both of the alleged Defendants were attempting to collecting on the alleged account simultaneously and each were also reporting derogatory information that the alleged account was past due and Foreclosure has been initiated. Without providing documentation or evidence of the alleged account Defendant did perform continuous collection activity prior to providing said documentation or evidence of the alleged account. To date, the false reports remain an item on Plaintiffs credit report, as Defendants continue to report negative and false information with regard to Plaintiff's account(s).

### IX.    Violations of the Fair Credit Reporting Act

1. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

2. According to the Fair credit reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies 15 USC § 1681s-2

   (a) Duty of furnishers of information to provide accurate information
       (1) Prohibition.

           (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency

>if the person knows or consciously avoids knowing that the information is inaccurate.
>
>(8) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if
>
>>(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.
>
>(2) Duty to correct and update information. A person who
>>(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
>>
>>(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.
>
>(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the persona may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
>
>>(b) Duties of furnishers of information upon notice of dispute.
>
>(1) In general. After receiving notice pursuant to section 611(a)(2) § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information;
>
>(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§1681i]
>
>(c) report the results of the investigation to the consumer reporting agency; and
>
>(d) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

The Defendants have reported this account to all three bureaus since January 2010 and has updated same for a period of six months in all three bureaus with erroneous and inaccurate information through today as they have not provided validation of the alleged debt/account.

3. Failure to mark the account in Dispute

According to the Fair Credit Reporting Act, section 623, Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2]

(a) Duty of furnishers of information to provide accurate information

(1) Prohibition

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if
 a. The person has been notified by the consumer at the address specified by the person for such notices that specific information is inaccurate; and
 b. The information is, in fact, inaccurate

(C) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer, and

(B) has furnished to a consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate

### 4. Violations of the Real Estate Settlements Procedures Act

1. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

2. Defendants Ocwen Loan Servicing LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc.; New Century Mortgage Corporation; Deutsche Bank National Trust Company; Morgan Stanley ABS Capital I Inc. are all required to comply with the requirements of the Real Estate Settlement Procedures Act ("RESPA"), 12 USC § 2601, et seq. in connection with the servicing of Plaintiff's mortgage loan. Plaintiff maintains that after numerous attempt to do so, has not been provided with timely and truthful information regarding the ownership and/or servicing of this mortgage loan by any Defendants once the loan was purportedly transferred for ownership and/or servicing improperly by Defendant MERS to Defendant Saxon and from Defendant Saxon to Defendant Duetsche to Defendant Morgan Stanley to Defendant Ocwen to whomever may be the current holder of said Promissory note, which is currently unknown due to the above listed Defendants refusal to provide Plaintiff with a complete and accuate chain of title (beneficial interest) which was requested in his March 23rd correspondence. Any transfer alleged by Defendant MERS was improper as Defendant MERS did not have authority to transfer ownership interest in the loan.

3. Based upon the false information provided to Plaintiff in the notice sent regarding Defendant Ocwen's apparent acquisition of the ownership and/or servicing of the loan in April 2010. Defendants Ocwen Loan Servicing LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc.; New Century Mortgage Corporation; Deutsche Bank National Trust Company; Morgan Stanley ABS Capital I Inc. all violated the requirements of RESPA, 12 USC § 2605.

    4. Furthermore, notice of any of above purported transfers of ownership and/or servicing rights have not been provided to Plaintiff in writing at least 15 days before the effective date of the transfer or at all. Plaintiff's only notice was by way

of a Notice of Trustee Sale posted on the door of the property. All of these actions violated RESPA, 12 USC § 2605.

`Wherefore, having set forth various causes of action against Defendants, Plaintiff moves for the following relief:

1. That judgment be entered against all of the Defendants awarding Plaintiff damages in an amount to be established at the time of trial;

2. That the actions of all the Defendants be determined to be unfair and deceptive business practices in violation of RCW 19.86, et seq. and that this Court award all such relief to Plaintiff as he may e entitled to under the Consumer Protection Act, including Treble damages and an award of costs and attorney's fees;

3. That the Plaintiff be awarded consequential damages, including attorney's fees (if any) incurred to bring this action and all other attorney's fees (if any) incurred in defending against the actions of the Defendants described more particularly above, in an amount to be fully established at the time of trial;

4. That the Plaintiff be awarded his fees and costs pursuant to the written agreements upon which the Defendants are attempting to rely;

5. That the Plaintiff be awarded statutory damages available under any applicable statues, including RESPA, 12 USC § 2605;

6. Plaintiff demands judgment in the amount to be determined at the time of trail for Violations of Fair Credit Reporting Act 15 USC §1681;

7. Plaintiff Demands judgment in an amount to be determined at the time of trial for violations of Fair Debt Collection Practices Act 15 USC § 1601; and

8. That the Court awards such other relief as it deems just and proper.

1  DATED this _07-22-10_ Day of July 2010.
2
3  Plaintiff (pro Se), Phimpha Thepvongsa
4
5  By _Phimpha Thepvongsa_

ThPh60@yahoo.com
206-708-5014-