The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Phimpa Thepvongsa,<br><br>    *Pro Se* Plaintiff,<br><br>v.<br><br>Regional Trustee Services, Old Republic Title LTD., Ocwen Loan Servicing, LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Morgan Stanley ABS Capital I Inc., and Doe Defendants 1 through 20,<br><br>    Defendants. | Case No. 2:10-cv-01045 RSL<br><br>**MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANTS OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**NOTE ON MOTION CALENDAR**:<br>October 1, 2010 |

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................ 2

III. ARGUMENT ........................................................................................................ 3

   A. Plaintiff's Claims Based Upon MERS' Alleged Unlawful Status As The Nominee Beneficiary Under the Deed of Trust Are Without Legal Merit ............................................................................................................. 3

   B. Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails As a Matter of Law ............................................................................................. 4

   C. Plaintiff Fails To Plead Each of the Required Elements to State a Claim for Slander of Title ............................................................................................. 6

   D. Plaintiff Fails To State a Claim for Breach of Fiduciary Duty ................... 6

   E. Plaintiff Fails To Plead Sufficient Facts to State a Claim for Violation of the Washington Consumer Protection Act, RCW §19.86, *et. seq.* ............ 7

   F. Plaintiff's Request For Injunctive Relief Should Also Be Denied ............. 8

   G. The Plaintiff's Claim For Unfair Debt Collection Practices Must Be Dismissed ................................................................................................... 10

   H. Plaintiff Fails To Allege Facts To State A Claim Pursuant To the Fair Credit Reporting Act ................................................................................. 11

   I. Plaintiff Does Not Allege Facts Giving Rise to a RESPA Claim ............ 12

IV. CONCLUSION .................................................................................................. 13

---

Defendants'  
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)  
Houser & Allison, APC  
9970 Research Drive  
Irvine, CA 92618  
PH: (949) 679-1111  
FAX: (949) 679-1112

i

# TABLE OF AUTHORITIES

**Cases**

*Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir. 1987).......... 10

*Barbanti v. Quality Loan Service Corp.* ..................................................................... 12

*Bell v. F.D.I.C.*, 2010 WL 3211960, *2 (W.D.Wash.)................................................. 5,6

*Benda v. Grand Lodge of Intern. Ass'n of Machinists and Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978)................................................................. 11

*Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1232 (S.D.Cal. 2009) ................................................................................................... 15,16

*Dicomes v. Washington*, 113 Wash.2d 612, 630 (1989) ........................................... 5, 6

*Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at *10 (W.D.Wash. Aug. 5, 2008)............................................................................................ 9

*Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. OR. 2002).......... 12

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash.2d 59, 75, 170 P.3d 10 (2007) ................................................................. 9

*Intel Corp. v. ULSI Systems Technology, Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993)....................................................................................................... 10

*Miller v. Northwest Trustee Services, Inc.*, 2005 WL 171113, *3 (E.D.Wash.)...... 12

*Miller v. U.S. Bank of Washington, N.A.*, 72 Wash.App. 416, 426 (Div. 1 1994).....8

*Moon v. GMAC Mortg. Corp.*, 2008 WL 4741492, at *5 (W.D.Wash.)................... 3

*Moon v. Phipps*, 67 Wash.2d 948, 954 (1966) .......................................................... 7

*Perlas v. Mortgage Elec. Registration Systems, Inc* ................................................ 3

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

*Pettis v. State of Washington*, 98 Wash.App. 553, 563 (1st Div. 1999) .................. 5
*Rorvig v. Douglas*, 123 Wash.2d 854, 859 (1994) ............................................... 7
*Swartz v. Deutsche Bank*, 2008 WL 1968948 ..................................................... 7
*Tokarz v. Frontier Fed. Sav. & Loan Ass'n*, 33 Wash.App. 456 (1982) .................. 8
*Tuazon v. HSBC Mortg. Services*, Inc., 2007 WL 1960619, *2 (W.D.Wash.) ....... 14

**Statutes**

12 U.S.C. § 2605(b)(1) (West 2010) ................................................................. 12
15 U.S.C. § 1692a(6) .................................................................................. 9, 10
2007 WL 26775, *3 (E.D.Wash. ....................................................................... 10
5 U.S.C. § 1681i (West 2010) ........................................................................... 11
Fed. R. Civ. P. 8(a) .......................................................................................... 12
Fed. R. Civ. P. 9(b) ............................................................................................ 1
RESPA § 2605 ................................................................................................. 12
The Fair Credit Reporting Act, 15 USC § 1681, *et. seq.* ..................................... 11
Washington Consumer Protection Act, RCW §19.86, *et. seq.* ............................. 7

**Rules**

Fed.R.Civ.P. Rule 8 .......................................................................................... 13

| | |
|---|---|
| Defendants'<br>Motion to Dismiss | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |

## I.   INTRODUCTION

Plaintiff Phimpa Thepvongsa filed a lawsuit to delay the lawful foreclosure process underway related to the subject property. Despite including multiple counts, Plaintiff has failed to allege minimal facts to support <u>any</u> cognizable claim under the law, and/or to support the conclusions of alleged wrongful conduct on behalf of any of the Defendants herein.

Thus, without legal or factual support, and contrary to the express language of the Deed of Trust attached as an exhibit to the Plaintiff's Complaint, Plaintiff concludes that MERS' designation, as a nominal beneficiary is somehow unlawful or "false." Plaintiff also includes an unfair debt collection claim against Defendants, but fails to allege facts to support that the Defendants are subject to the debt collection statutes, and ignores that foreclosure activity does not fall in the purview of debt collection as defined by the law.

Each of the Plaintiff's other claims, including his claims for intentional infliction of emotional distress, slander, breach of fiduciary duty, violation of the Washington Consumer Protection Act, Fair Credit Reporting Act, RESPA and seeking injunctive relief are either legally meritless, factually unsupported, and/or fails to satisfy minimal notice pleading standards pursuant to Federal Rule of Civil Procedure 8(a). As a result, Plaintiff has failed to state any claim against Defendants herein, and Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

## II. BACKGROUND

On June 24, 2010, Plaintiff filed a multi-count Complaint against Defendants Ocwen Loan Servicing, LLC ("Ocwen); Deutsche Bank National Trust Company, As Trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC4 Mortgage Pass through certificates (erroneously named herein as "Deutsche Bank National Trust Company and Morgan Stanley ABS Capital I Inc.") (hereinafter Deutsche Bank National, As Trustee"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively herein, "Defendants") alleging claims for: (1) Intentional Infliction of Emotional Distress; (2) Slander of Title; (3) Breach of Fiduciary Duty; (4) Unfair Business Practices in violation of the Consumer Protection Act; (5) Preliminary Injunction; (6) violation of Fair Debt Collection Practices Act; (7) violation of Fair Credit Reporting Act; and (8) violation of the Real Estate Settlement Procedures Act. Plaintiff's allegations stem from the loan application/origination, and servicing process in connection with the 2007 purchase of Plaintiff's home, located at 10722 18th Avenue Southwest, Seattle, Washington (the "Property"). Complaint, II, ¶ 2.

///
///
///
///
///

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

2

## III. ARGUMENT

### A. Plaintiff's Claims Based Upon MERS' Alleged Unlawful Status As The Nominee Beneficiary Under the Deed of Trust Are Without Legal Merit.

Washington courts, as well as other courts in this Circuit have all rejected the argument as alleged by the Plaintiff herein that MERS lacks the necessary authority to act as the designated nominee beneficiary, or otherwise acted unlawfully with respect to the Property.

To more clearly illustrate the point, the court in *Perlas v. Mortgage Elec. Registration Systems, Inc.* rejected a similar, if not exactly the same, argument as alleged by the plaintiff herein. 2010 WL 3079262, *4 (N.D. Cal.). In *Perlas*, the plaintiffs alleged claims of fraud and unfair competition based on their conclusion that MERS wrongfully concealed the nature of its "true status" and therefore "did not have the legal right to initiate foreclosure proceedings." *Perlas*, 2010 WL 3079262, *3. The *Perlas* court ruled that the plaintiffs failed to state a claim because the Deed of Trust adequately disclosed the nature of MERS' status as the nominee on behalf of the lender, i.e., a contractually designated agent with special "limited powers," including the power to initiate foreclosure proceedings. *Id.* at 3-4; *see also, e.g., Moon v. GMAC Mortg. Corp.*, 2008 WL 4741492, at *5 (W.D.Wash.) (rejecting argument that MERS lacked legal authority to act as the designated beneficiary).

Applied here, Plaintiff relies on the same unfounded and incorrect theory of law related to MERS' status as the designated nominee beneficiary as was

---

| Defendants' Motion to Dismiss | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |

3

1  debunked in *Perlas*. The Property Deed of Trust at issue in this case clearly
2  contains similar contractual designee language related to MERS as in the *Perlas*
3  case. *See* Complaint, Ex. 1 (admitting that MERS was contractually designated in
4  the Deed of Trust as the nominee for the lender). As there is no legal basis under
5  Washington law that prohibits a lender from contractually designating a
6  beneficiary such as MERS to act as its "nominee beneficiary," Plaintiff's claims
7  should similarly be dismissed for failure to state a claim.

8  **B.  <u>Plaintiff's Claim for Intentional Infliction of Emotional Distress</u>**
9  **<u>Fails As a Matter of Law.</u>**

10  Plaintiff's imprecise and conclusory pleading in support of his claim for the
11  tort of outrage/intentional infliction of emotional distress is insufficient to state a
12  claim as a matter of law.

13  In accordance with well-established Washington law, to state a claim for
14  intentional infliction of emotional distress, the plaintiff must plead facts to
15  establish: "(1) extreme and outrageous conduct, (2) intentional or reckless
16  infliction of emotional distress, and (3) actual resulting severe emotional distress.
17  The acts must be so outrageous in character, and so extreme in degree, as to go
18  beyond all possible bounds of decency, and to be regarded as atrocious, and utterly
19  intolerable in a civilized community." *Pettis v. State of Washington*, 98
20  Wash.App. 553, 563 (1st Div. 1999); *Bell v. F.D.I.C.*, 2010 WL 3211960, *2
21  (W.D.Wash.). The Washington Supreme Court has further stated that "mere
22  insults and indignities, such as causing embarrassment or humiliation, <u>will not</u>
23  <u>support imposition of liability on a claim of outrage.</u>" *Dicomes v. Washington*, 113

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

1   Wash.2d 612, 630 (1989) (emphasis added) (affirming dismissal of claim where allegations amounted to "showing of bad faith" and did not rise to the level of outrageous conduct).

    At the outset, Plaintiff has failed to satisfy his Federal Rule 8(a) obligation to provide basic notice to each Defendant as to the factual basis for the claims alleged against it. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Here, Plaintiff's ambiguous and conclusory allegation that "All of the Defendants' conduct with regard to Plaintiff constitutes the tort of outrage" gives absolutely no discernable clue as to which defendant, committed what outrageous act that led to the Plaintiff's alleged severe emotional distress. Complaint, III, ¶2 (emphasis added).

    Additionally, Plaintiff's outrage claim fails for the critical reason that there is no unprivileged conduct alleged <u>anywhere</u> within the four corners of the Complaint that even arguably rises to the level of extreme and/or outrageous conduct necessary to justify this Court's allowing the claim to survive. *See e.g.*, *Bell v. F.D.I.C.*, 2010 WL 3211960 (finding that lawful foreclosure activity did not constitute outrageous conduct); *Dicomes v. Washington*, 113 Wash.2d 612, 630 (1989) (affirming dismissal of claim where allegations did not rise to the level of outrageous conduct). Because the only conduct complained of in the Plaintiff's Complaint is premised upon contractually supported and therefore privileged

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

5

foreclosure activity, the Defendants' motion to dismiss this claim should be granted, without leave to amend.

### C. Plaintiff Fails To Plead Each of the Required Elements to State a Claim for Slander of Title.

Plaintiff's Slander of Title claim also fails for similar reasons. Again, without adequate factual support, Plaintiff simply concludes that "[a]ll Defendants have caused to be recorded numerous false documents in the records." Complaint, IV, ¶2. Notwithstanding, to state a cause of action for slander of title, a plaintiff must allege <u>facts</u> to establish: (1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." *See Rorvig v. Douglas*, 123 Wash.2d 854, 859 (1994).

For the most part, Plaintiff relies upon the same meritless theory as discussed *supra*, Point A, regarding MERS' authority and status as the contractually designated nominal beneficiary. As explained above, this theory is without support in law, and therefore cannot support the Plaintiff's slander claim. Accordingly, this claim should also be dismissed for failure to state a claim under the law.

### D. Plaintiff Fails To State a Claim for Breach of Fiduciary Duty.

Plaintiff's claim for breach of fiduciary duty similarly fails because there are no special circumstances alleged by Plaintiff that would impose a fiduciary duty as between any of the Defendants and Plaintiff.

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

To state a claim for breach of fiduciary duty, a plaintiff must plead facts to demonstrate the basis for and existence of a fiduciary relationship. *See Swartz v. Deutsche Bank*, 2008 WL 1968948, *15 (W.D.Wash.) (citing *Moon v. Phipps*, 67 Wash.2d 948, 954 (1966)). Critically, Washington law is clear that "a lender is not a fiduciary of its borrower; a special relationship must develop between a lender and a borrower before a fiduciary duty exists." *Tokarz v. Frontier Fed. Sav. & Loan Ass'n*, 33 Wash.App. 456 (1982) (finding no special circumstances to warrant imposing a fiduciary duty on lender).

Applied here, Plaintiff has not plead any facts to demonstrate that he and any of the alleged Defendant financial institutions were parties to a "special" relationship beyond that of a lender and a borrower; and/or that any special circumstances exist such that a quasi-fiduciary duty of care would arise under Washington law. *See e.g., Miller v. U.S. Bank of Washington, N.A.*, 72 Wash.App. 416, 426 (Div. 1 1994) (dismissing breach of fiduciary duty claim against lender). There is no legal basis upon which Plaintiff's fiduciary duty claim can be maintained. Accordingly, this Court should also dismiss Plaintiff's breach of fiduciary duty claim for failure to state a cognizable claim under Washington law.

### E. **Plaintiff Fails To Plead Sufficient Facts to State a Claim for Violation of the Washington Consumer Protection Act, RCW §19.86,** *et. seq.*

Plaintiff's Consumer Protection Act ("CPA") suffers from the exact same fatal pleading defects as each of the Plaintiff's other claims discussed herein. Hence, without including any minimally supportive factual detail, or even

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA92618
PH: (949) 679-1111
FAX: (949) 679-1112

7

bothering to identify the relevant section of the statutory scheme, the Plaintiff simply concludes that, "Defendants have engaged in a pattern of unfair business practices" entitling Plaintiff to damages because "Defendants' actions and inactions have impaired and damaged him…." Complaint, VI, ¶2.

Nevertheless, to prevail on a Washington CPA claim, a private plaintiff must plead facts demonstrating: (1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act, and the injury suffered. *See Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at *10 (W.D.Wash. Aug. 5, 2008) (citing *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash.2d 59, 75, 170 P.3d 10 (2007)).

Here, the Plaintiff has failed to clearly allege the necessary facts to allow Defendants to discern what Defendant committed what "unfair or deceptive act or practice," if any; what the relevant public interest is; and what causal link exists between any such unfair or deceptive act and Plaintiff's alleged injury. Consequently, this Court must dismiss Plaintiff's CPA claim against Defendants as a matter of law.

### F. Plaintiff's Request For Injunctive Relief Should Also Be Denied.

A preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted. *See Intel Corp. v. ULSI Systems Technology, Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). In order to obtain preliminary injunctive relief, a plaintiff must demonstrate either: (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

8

balance of hardship tips in its favor. *See Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir. 1987). As further explained by the court in *Arcamuzi*:

> If the plaintiff shows no chance of success on the merits, however, the injunction should not issue. (citation omitted). As an "irreducible minimum," the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation. (citation omitted). Under any formulation of the test, the moving party must demonstrate a significant threat of irreparable injury. (citation omitted). *Arcamuzi*, 819 F.2d at 938.

Applied here, the claims alleged in the Plaintiff's Complaint are not grounded in the law, and are not supported by adequate factual pleading. As a result, there are simply no grounds upon which this Court could reasonably conclude that the Plaintiff has even a "fair chance of success on the merits" on the underlying claims, and/or has raised any questions that are "serious enough to require litigation." *Benda v. Grand Lodge of Intern. Ass'n of Machinists and Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978). Because Plaintiff has failed to satisfy the threshold criteria to obtain the requested injunctive relief, the Court must deny the Plaintiff's application for a preliminary injunctive relief as a matter of law.

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

G. **The Plaintiff's Claim For Unfair Debt Collection Practices Must Be Dismissed.**

Plaintiff's claim for violation of the Fair Debt Collection Practices Act fails because Plaintiff has not plead sufficient facts to support that Defendants are "debt collectors" as expressly defined by the FDCPA, and because the Plaintiff fails to plead facts demonstrating any acts in violation thereof. *See* 15 U.S.C. § 1692a(6); *see e.g., Miller v. Northwest Trustee Services, Inc.*, 2005 WL 171113, *3 (E.D.Wash.) (dismissing FDCPA claim against mortgage company and trustee for failure to state a claim). Further, as expressly stated by the Court in *Barbanti v. Quality Loan Service Corp.*, "the enforcement of a security interest through a nonjudicial forfeiture does not constitute the collection of a debt for purposes of the FDCPA." 2007 WL 26775, *3 (E.D.Wash.) (relying on, *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. OR. 2002)).

Aside from conclusions of law that must be ignored, once again, Plaintiff fails to allege sufficient facts to establish that any of the Defendants are in fact, debt collectors as defined by the FDCPA. The Plaintiff's Complaint does not contain a single factual allegation to support that any of the Defendants meet the definitional criteria as expressly set forth by 15 U.S.C. § 1692a(6).

In addition, even if Defendants could be considered debt collectors for purposes of the instant action, which they cannot, the Plaintiff's FDCPA claim stills fails for the critical reason that the Plaintiff does not allege sufficient, coherently plead facts to identify what specific acts each Defendant allegedly committed in violation of the FDCPA. Plaintiff makes broad references to the

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

10

FDCPA, but there are no supportive factual allegations establishing violation of any specific section thereof. Instead, Plaintiff's FDCPA claim appears to be wholly premised upon his contention that the Defendants engaged in certain foreclosure activities, including recording a notice of trustee's sale. (Complaint VIII, ¶6). However, as previously explained, the enforcement of a security interest <u>does not</u> constitute debt collection for purposes of the FDCPA, and therefore <u>cannot</u> constitute violations of the Act. *See Barbanti*, 2007 WL 26775, *3. In view of the foregoing, Plaintiff's FDCPA claim must also be dismissed as a matter of law.

### H. <u>Plaintiff Fails To Allege Facts To State A Claim Pursuant To the Fair Credit Reporting Act.</u>

To state a claim for violation of the Fair Credit Reporting Act ("FCRA"), "a consumer who disputes furnished credit information <u>is required</u> to follow a procedure set out in the FCRA <u>which begins with notifying the credit reporting agency</u> directly of the dispute." *Tuazon v. HSBC Mortg. Services*, Inc., 2007 WL 1960619, *2 (W.D.Wash.) (emphasis added); *see* 15 U.S.C. § 1681i (West 2010).

With respect to Plaintiff's Fair Credit Reporting Act claim, Plaintiff includes the following confusing and patently defective allegations in support of his FCRA claim:

> The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with these Defendants. (Complaint, VIII, ¶4);

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA92618
PH: (949) 679-1111
FAX: (949) 679-1112

| | |
|---|---|
| 1 | \*\*\*\* |
| 2 | Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question. However, the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect a debt and credit reporting of the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act, 15 USC § 1681, *et. seq.* (Complaint, VIII, ¶ 5). |

While the Plaintiff goes on to recite the *text* of the relevant section of the statute in paragraph IX of the Complaint, there are still <u>no</u> specific factual allegations related to Defendants' alleged violations included therein. Most critical, however, is the failure by Plaintiff to include any allegation that he notified the credit-reporting agency of any alleged dispute, which reporting action is a necessary prerequisite to maintaining a claim pursuant to the FCRA. *See Tuazon*, 2007 WL 1960619, *2. Accordingly, Plaintiff's FCRA claim must also be dismissed as a matter of law.

## I. **Plaintiff Does Not Allege Facts Giving Rise to a RESPA Claim**

Plaintiff's final claim for alleged RESPA violations also fails to allege the necessary factual support to state a claim under federal law. While Plaintiff alleges he was not sent "timely and truthful information" (Complaint,. IX, p.14), Plaintiff fails to provide the required factual support as required under the law to give basic notice to Defendants as to the basis for the claim alleged against it. *See Delino v.*

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

*Platinum Community Bank*, 628 F.Supp.2d 1226, 1232 (S.D.Cal. 2009); Fed. R. Civ. P. 8(a).

RESPA § 2605 generally provides that "each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person...." 12 U.S.C. § 2605(b)(1) (West 2010). A plaintiff fails to state a claim pursuant to section 2605 unless facts are alleged demonstrating: "when any such alleged transfer took place, what entities were involved in such transfer and therefore had the duty to notify...." *Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, at 1232. Even construing the Complaint liberally, there are no such allegations tying Defendants to any violation of RESPA. Accordingly, Plaintiff has not satisfied the minimal notice pleading requirements and has therefore failed to state a claim for RESPA violations. Plaintiff's final claim must also be dismissed on this basis.

## IV. CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Complaint in its entirety, and any further relief as this Court deems just and proper.

///
///
///
///

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

| | | |
|---|---|---|
| 1 | Dated: September 1, 2010 | **HOUSER & ALLISON** |
| 2 | | A Professional Corporation |
| 3 | | |
| 4 | | |
| 5 | | /s/ Robert W. Norman, Jr. |
| 6 | | Robert W. Norman, Jr. |
| 7 | | Attorneys for Defendants, |
| 8 | | OCWEN LOAN SERVICING, LLC; |
| 9 | | DEUTSCHE BANK NATIONAL, |
| 10 | | AS TRUSTEE and MORTGAGE |
| 11 | | ELECTRONIC REGISTRATION |
| 12 | | SYSTEMS, INC. |

| | | |
|---|---|---|
| 25 | Defendants' Motion to Dismiss | Robert W. Norman, Jr. (SBN 37094) Houser & Allison, APC 9970 Research Drive Irvine, CA92618 PH: (949) 679-1111 FAX: (949) 679-1112 |

# DECLARATION OF SERVICE

The undersigned declares as follows:

On <u>September 1, 2010</u>, I served the foregoing document on the following individuals by U.S. Mail, Postage Prepaid:

Phimpa Thepvongsa

10722 18th Avenue Southwest

Seattle, Washington 98146

/s/Robert W. Norman

Robert W. Norman

---

Defendants'
Motion to Dismiss

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112