The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Phimpa Thepvongsa,<br><br>　　　　Plaintiff Pro Se,<br><br>v.<br><br>Regional Trustee Services, Old Republic Title LTD., Ocwen Loan Servicing, LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Morgan Stanley ABS Capital I Inc., and Doe Defendants 1 through 20,<br><br>　　　　Defendants. | Case No. 2:2010-cv-01045<br><br>**REPLY TO PLAINTIFF'S RESPONSE & OBJECTION TO RULE 12 MOTION**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>**NOTE ON MOTION CALENDAR:**<br>October 1, 2010 |

Ocwen Loan Servicing, LLC and MERS' Reply to Plaintiff's Response & Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

E. Plaintiff's Opposition Fails to Redeem His Breach of Fiduciary Duty Claim..8

F. Plaintiff Again Fails To Allege Facts To State A Claim Pursuant To the Fair Credit Reporting Act ...................9

G. Express Language Exists in the Deed of Trust that Allows for MERS to Act..9

   1. The *Walker* Case is Inapplicable...................11

H. Plaintiff Fails To Plead Each of the Required Elements to State a Claim for Slander of Title...................12

I. Plaintiff Fails To Plead Sufficient Facts to State a Claim for Violation of the Washington Consumer Protection Act, RCW §19.86, *et. seq.*...................12

J. Plaintiff's Request For Injunctive Relief Should Also Be Denied ...................13

K. There Are No Facts To Support A Claim of Conspiracy ...................13

III. CONCLUSION ...................14

Defendants'
Reply to Plaintiff's Response
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

# TABLE OF CONTENTS

I. INTRODUCTION...........................................................................................................1

II. ARGUMENT ................................................................................................................1

   A. It Remains that Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted...........................................................................................1

   B. All Of Plaintiff's Fraud Claims Are Not Pled With The Requisite Particularity And Specificity.......................................................................................................2

      1. Plaintiff Fails To Meet The Heightened Pleading Requirements For A Fraud Claim ..........................................................................................................2

   C. It Remains That There are No Factual Allegations That Give Rise To A Respa Claim..................................................................................................................4

   D. Plaintiff's Complaint Fails To State Truth In Lending Act Claim ...................5

      1. Defendant OCWEN Is Exempt From TILA Liability Because It Is Not The Original Creditor Or Assignee Of That Creditor ................................5

      2. Plaintiff's TILA Claim Against MERS and Deutsche Bank Fails Because Plaintiff Does Not Allege a TILA Violation and Assignee Liability is Unavailable ..............................................................................................6

         a. Plaintiff fails to meet notice pleading standards as to their TILA claim..........................................................................................6

         b. To the extent that Plaintiff pursues assignee liability, Plaintiff's Complaint fails to allege how the violation is apparent on the face of the disclosure statement ................................................................7

Defendants'  
Reply to Plaintiff's Response  
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)  
Houser & Allison, APC  
9970 Research Drive  
Irvine, CA 92618  
PH: (949) 679-1111  
FAX: (949) 679-1112

# TABLE OF AUTHORITIES

**Cases**

*Anastasoff v. United States*. 223 F.3d 898 (8th Cir.2000) ............................................. 2

*Bayha v. Lampson*, 152 Wash.App. 1002 (Wash.App. 2009) ...................................... 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1964-65 (2007) .................................................................................................................... 7

*Benda v. Grand Lodge of Intern. Ass'n of Machinists and Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978) ........................................................................ 13

*Cox v. Helenius*, 103 Wash.2d 383 (1985) ..................................................................... 8

*Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1232 (S.D.Cal. 2009); Fed. R. Civ. P. 8(a) ............................................................................................... 4

*Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at *10 (W.D.Wash. Aug. 5, 2008) .................................................................................................................... 12

*Fonua v. First Allied Funding*, 2009 WL 816291, *2-3 (N.D.Cal. March 27, 2009) .................................................................................................................... 7

*Gaitan v. MERS*, 09-1009 (C.D. Cal. 2009) ................................................................ 10

*Gunsul v. Countrywide Home Loans, Inc.*, 136 Wash.App.1013 (Wash.App.Div. 2006) ................................................................................................................... 10

*Haynes v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972) .................................................. 1

*In re: Walker*, Case No. 10-21656-E-11 (E.D.CA. May 20, 2010) ............................ 11

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash.2d 59, 75, 170 P.3d 10 (2007) .................................................................. 13

|  |  |
|---|---|
| Defendants'<br>Reply to Plaintiff's Response<br>& Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |

*Martinez v. Mortgage Electronic Registration Systems, Inc.*, PC043598 ............... 10

*Rorvig v. Douglas*, 123 Wash.2d 854, 859 (1994) ............................................. 12

*Stiley v. Block* (1996) 130 Wn.2d 486, 504 ......................................................... 3

*Swanson v. EMC Mortgage Corporation*, 1:09cv1507 (E.D. Cal., 2009) ............ 10

*Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir.1998) ....................... 7

*Tuazon v. HSBC Mortg. Services*, Inc., 2007 WL 1960619, *2 (W.D.Wash.) ......... 9

**Statutes**

12 U.S.C. § 2605(b)(1) (West 2010) ....................................................................... 4

§19.86, *et. seq* ....................................................................................................... 12

15 U.S.C. § 1640 ..................................................................................................... 5

15 U.S.C. § 1641 ..................................................................................................... 5

15 U.S.C. § 1641(a) ................................................................................................. 7

15 U.S.C. § 1641 (f) ................................................................................................. 6

15 U.S.C. § 1681i ..................................................................................................... 9

RESPA § 2605 ......................................................................................................... 4

**Rules**

Federal Rules 8(a) ................................................................................................... 1

Fed.R.Civ.P Rule 8(a)(2) ........................................................................................ 7

Fed.R.Civ.P. Rule 8 ................................................................................................. 4

Defendants'
Reply to Plaintiff's Response
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA92618
PH: (949) 679-1111
FAX: (949) 679-1112

iv

I.                              **INTRODUCTION**

Plaintiff, Phimpa Thepvongsa's "Response & Objection to Rule 12 Motion" ("Opposition") provides duplicitous arguments for the same baseless allegations he originally claimed in his Complaint. Plaintiff continues to assert nine causes of action against defendants, each of which fails to adequately allege facts to support a claim or support any wrongdoing on the part of Defendants Ocwen Loan Servicing, LLC ("Ocwen"); Deutsche Bank National Trust Company, As Trustee ("Deustche Bank"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants").

Each of the Plaintiff's claims are either legally meritless, factually unsupported, and/or fail to satisfy minimal notice pleading standards pursuant to Federal Rules 8(a). As a result, Plaintiff has failed to state any claim against Defendants, and Plaintiff's Complaint should be dismissed in its entirety, with prejudice. Leave to amend any of Plaintiff's claims would be futile as Plaintiff is unable to plead the requisite facts to state any of his claims.

II.                              **ARGUMENT**

A.   **It Remains that Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted**

Plaintiff's Opposition misquotes and incorrectly applies caselaw in his arguments against Defendants' Motion to Dismiss. For example, he argues that his pleadings are sufficient to entitle him to discovery and misapplies *Haynes v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). He misquotes it as stating, "Regardless

---

| Defendants' Reply to Plaintiff's Response & Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |
|---|---|

1

of Deficiencies in the pleading, pro se litigants are entitled to the opportunity to submit evidence in support of their claims." (Opposition 1:20-24). However, that is not the language of the case. Instead, the *Haynes* Court found that plaintiff's claims in that case were <u>sufficient</u> to call for the opportunity to offer supporting evidence. That is, he pled sufficient facts to support the allegations in his complaint. As discussed in Defendants' Motion to Dismiss and further below, Plaintiff fails to a factual basis to support any of his claims.

Similarly, Plaintiff misconstrues *Anastasoff v. United States*. 223 F.3d 898 (8th Cir.2000), an IRS case which dealt with the issue of whether parties may cite to an unpublished opinion as precedent where circumstances in the unpublished opinion were similar to the plaintiff's case. Here, Plaintiff neither cites an unpublished opinion in his Complaint nor seeks relief from the Court for failure to recognize that his case is similar to another case which resulted in an unpublished opinion. (*See* Complaint).

Despite Plaintiff's efforts to distract the Court, Plaintiff fails to show he is entitled to leave to amend. He continues to put forth no legal or factual support for any of his allegations.

**B.  <u>All Of Plaintiff's Fraud Claims Are Not Pled With The Requisite Particularity And Specificity</u>**

   **1.  <u>Plaintiff Fails To Meet The Heightened Pleading Requirements For A Fraud Claim</u>**

Plaintiff pleads that Defendants fraudulently induced Plaintiff to execute the Promissory Note and Deed of Trust. To establish a claim for fraud, Plaintiff must

| Defendants' Reply to Plaintiff's Response & Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |
|---|---|

2

allege: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely on it; and (9) damages suffered by the plaintiff. *Stiley v. Block*, 130 Wn.2d 486, 504 (1996). Claims for fraud must be pled with particularity. C.R. 9.

Plaintiff does not allege any of the nine required elements for fraud. Rather, he states that "Plaintiff specifically pleads that Defendant(s) after fraudulently inducing Plaintiff to execute the Promissory Note & Deed of Trust failed to provide notice as required by the Real Estate Settlement Procedures Act & Truth in Lending Act..." (Opposition 2:12-18). Nowhere in Plaintiff's Complaint does he allege that Defendants made any representations that were material or false to Plaintiff. There are no facts which allege that the person purportedly making such representations knew that the representations were false and made them with the intent for Plaintiff to rely on them. Plaintiff also does not allege anywhere in his Complaint that he relied on Plaintiff's representations to his detriment. (*See* Complaint). Accordingly, Plaintiff has not pled the requisite facts for a claim of fraud and this claim must be dismissed.

Plaintiff also provides the text for R.C.W. 19.144.080 and R.C.W. 62A.3-305(a)(iii) regarding fraudulent misrepresentations (Complaint at Paragraphs 3 and 5). However, he fails state which, if any, Defendants violated the statute and fails to provide specific factual allegations related to Defendants alleged violation.

---

| | |
|---|---|
| Defendants'<br>Reply to Plaintiff's Response<br>& Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |

## C. It Remains That There are No Factual Allegations That Give Rise to a RESPA Claim

Plaintiff's Opposition prefers not to address the required elements for a RESPA claim while citing various violations of it. He fails to provide the required factual support as required under the law to give notice to Defendants as to the claim alleged against them. *See Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1232 (S.D.Cal. 2009); Fed. R. Civ. P. 8(a).

As stated in Defendants' Motion to Dismiss, RESPA § 2605 generally provides that "each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person...." 12 U.S.C. § 2605(b)(1) (West 2010). A plaintiff fails to state a claim pursuant to section 2605 unless facts are alleged demonstrating: "when any such alleged transfer took place, what entities were involved in such transfer and therefore had the duty to notify...." *Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, at 1232. It remains that there are no such allegations or facts demonstrating Defendants violated RESPA. As a result, Plaintiff has not satisfied minimal notice pleading requirements and has therefore failed to state a claim for RESPA violations. Plaintiff's claim must also be dismissed on this basis.

In addition, Plaintiff also claims that Defendants violated RESPA by charging exorbitant fees in the following ways:

(a) "over-charging Plaintiff with fees that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor;
(b) charging other fees that were a normal part of doing business and should have been included in the finance charge;

| Defendants'<br>Reply to Plaintiff's Response<br>& Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |
|---|---|

(c) Omitting additional real "parties of interest" to the transaction;
(d) Misrepresenting the roles, authorities, and rights of parties the Plaintiff was made aware of. Plaintiff further suspects additional violations, however is currently ignorant of them due to Defendant(s) failure to timely and adequately respond to Defendant(s) [sic] correspondence." (Opposition 3:6-15); *see also* (Opposition 12-14).

Plaintiff does not provide the sections of RESPA that Defendants violated, or who violated which section, but each of his allegations are conclusory and must fail as a matter of law.

**D.  Plaintiff's Complaint Fails To State Truth In Lending Act Claim**

    **1.  Defendant OCWEN is Exempt From TILA Liability Because It is Not The Original Creditor Or Assignee Of That Creditor**

Plaintiff's Truth In Lending Act ("TILA") claims fail as a matter of law. TILA governs disclosure requirements to be given to a borrower by the original lender at the time the mortgage is issued. The only parties who can be liable for TILA violations are the original creditor, 15 U.S.C. § 1640, and assignees of that creditor, 15 U.S.C. § 1641. Moreover, TILA specifically exempts loan servicers, like Defendant OCWEN, from its provisions:

> "(1) A **servicer** of a consumer obligation arising from a consumer credit transaction **shall not be treated as an assignee** of such obligation for purposes of this section **unless the servicer is or was the owner of the obligation**. (2) A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation

| Defendants'<br>Reply to Plaintiff's Response<br>& Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |
|---|---|

5

from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation" (emphasis added). 15 U.S.C. § 1641 (f).

Plaintiff does not and cannot allege that Defendant OCWEN originated the loan because it is the loan servicer. As such, Defendant OCWEN, as a loan servicer, and Defendants Deutsche Bank and MERS, as the Beneficiary and former Beneficiary respectively, are not subject to the requirements of the statute and Plaintiff's claim for TILA violations must be dismissed with prejudice.

### 2. Plaintiff's TILA Claim Against MERS and Deutsche Bank Fails Because Plaintiff Does Not Allege a TILA Violation and Assignee Liability is Unavailable

Plaintiff's allegation that Defendants violated the Truth in Lending Act ("TILA") fails as a matter of law.

#### a. Plaintiff's fail to meet notice pleading standards as to their TILA claim.

Plaintiff's TILA claim falls far short of notice pleading requirements, as they do not even allege who is alleged to have violated TILA. It is unclear whether Plaintiff is seeking to hold the Beneficiary DEUTSCHE BANK, or the Beneficiary MERS as liable. This robs DEUTSCHE BANK and MERS of the "fair notice of what the ... claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Accordingly, Plaintiffs' TILA claim should be dismissed, as Plaintiff has not alleged facts providing notice of what the TILA claim is vis-à-vis DEUTSCHE BANK as Beneficiary or MERS as Beneficiary. *See* Fed.R.Civ.P

---

| Defendants' Reply to Plaintiff's Response & Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094) Houser & Allison, APC 9970 Research Drive Irvine, CA 92618 PH: (949) 679-1111 FAX: (949) 679-1112 |
|---|---|

Rule 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1964-65 (2007); *Conley*, 355 U.S. at 47.

     b. <u>To the extent that Plaintiff pursues assignee liability, Plaintiff Complaint fails to allege how the violation is apparent on the face of the disclosure statement.</u>

A debtor's right to pursue a TILA claim against an assignee is limited, however, by a "prerequisite [ ]," which states that:

> "[e]xcept as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter ... which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary."

15 U.S.C. § 1641(a).

This provision has been interpreted as meaning that a TILA claim may be asserted against an assignee only for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents." *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir.1998). Plaintiff fails to allege how the TILA violation committed by the loan originators is apparent on the face of the assigned documents. *See Fonua v. First Allied Funding*, 2009 WL 816291, *2-3 (N.D.Cal. March 27, 2009) (dismissing TILA claim against assignee because Complaint failed to allege how the TILA violation committed by the loan

Defendants'
Reply to Plaintiff's Response
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

7

1 originators is apparent on the face of the assigned documents). Accordingly, Plaintiff's TILA claim should be dismissed with prejudice.

### E. Plaintiff's Opposition Fails to Redeem His Breach of Fiduciary Duty Claim

Plaintiff states that he need not prove a "special circumstance" to show that Defendants have breached their purported fiduciary duties to him and cites *Cox v. Helenius*, 103 Wash.2d 383 (1985) as authoritative. However, he fails to provide the requisite facts showing that the analysis also applies to his case. For example, he quotes the fiduciary duty of the trustee in *Cox* to be "exceedingly high" but fails to show how, in his case, the trustee's "exceedingly high duty" is similarly owed to Plaintiff. Moreover, the trustee in *Cox* foreclosed on the property despite notice of a pending action regarding a title dispute. Here, Plaintiff's complaint is premature at best because there has been no foreclosure of Plaintiff's property, let alone a title dispute.

Plaintiff also states that Defendants violated the Mortgage Broker Practices Act and provides the definition of a "mortgage broker," but fails to provide facts showing that Defendants qualified as mortgage brokers or, for purposes of the Mortgage Broker Practices Act, how Defendants and Plaintiff entered into a fiduciary relationship and then breached their duty. As such, plaintiff fails to state a claim for breach of fiduciary duty.

///

Defendants'
Reply to Plaintiff's Response
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

8

1  **F.  Plaintiff Again Fails To Allege Facts To State A Claim Pursuant To the Fair Credit Reporting Act**

As previously stated, to state a claim for violation of the Fair Credit Reporting Act ("FCRA"), "a consumer who disputes furnished credit information <u>is required</u> to follow a procedure set out in the FCRA <u>which begins with notifying the credit reporting agency</u> directly of the dispute. 15 U.S.C. § 1681i. *Tuazon v. HSBC Mortg. Services*, Inc., 2007 WL 1960619, *2 (W.D.Wash.) (emphasis added).

While the Plaintiff recites the text of the relevant section of the statute, there are still <u>no</u> specific factual allegations related to Defendants' alleged violations included therein. (Opposition 5:11-20). Most critical, however, is the repeated failure by Plaintiff to include any allegation that he notified the credit-reporting agency, which action is a <u>prerequisite</u> to maintaining a claim pursuant to the FCRA. *See Tuazon*, 2007 WL 1960619, *2. Accordingly, Plaintiff's FCRA claim must also be dismissed.

**G.  Express Language Exists in the Deed of Trust that Allows for MERS to Act**

In response to Defendants' argument that MERS may act as the nominee beneficiary, Plaintiff responds that MERS is not the owner of the Promissory Note and MERS, or its assigns, are not entitled to collect upon Plaintiff's default. As a preliminary matter, this argument is premature at best because there has been no foreclosure of Plaintiff's property. Moreover, the language in the deed of trust is contrary to Plaintiff's claim:

---

Defendants'  
Reply to Plaintiff's Response  
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)  
Houser & Allison, APC  
9970 Research Drive  
Irvine, CA 92618  
PH: (949) 679-1111  
FAX: (949) 679-1112

9

"Borrower understands and agrees that ... if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including but not limited to, the <u>right to foreclose and sell the Property</u>..." **(See Exhibit "A" of Plaintiff's Complaint)** [Emphasis added].

Defendants are confused at the proposition of Plaintiff's arguments. It is baffling to Defendants how Plaintiff can put language in an opposition that argues that MERS, or DEUTSCHE BANK, have no right as the beneficiary to invoke power of sale when the language is plain to see. Moreover many cases provide that the beneficiary, who is nominated by the lender, may invoke the power of sale. *Gunsul v. Countrywide Home Loans, Inc.*, 136 Wash.App.1013 (Wash.App.Div. 2006); *Gaitan v. MERS*, 09-1009 (C.D. Cal. 2009) (finding that MERS has the right to initiate foreclosure proceedings and found that MERS is not liable for claims including wrongful foreclosure, breach of contract, and breach of the implied covenants of good faith and fair dealing); *Swanson v. EMC Mortgage Corporation*, 1:09cv1507 (E.D. Cal., 2009) (holding that MERS is properly designated as the beneficiary under a deed of trust and has the authority to commence non-judicial foreclosures); *Martinez v. Mortgage Electronic Registration Systems, Inc.*, PC043598 (Los Angeles County Superior Court, 2009) (affirming the holding in *Cencil* and that MERS has the authority to commence non-judicial foreclosures.

| | |
|---|---|
| Defendants'<br>Reply to Plaintiff's Response<br>& Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |

### 1. The *Walker* Case is Inapplicable

Plaintiff cites *In re: Walker*, Case No. 10-21656-E-11 (E.D.CA. May 20, 2010) as applicable to his case. However, it is not. First, it was decided in a bankruptcy court. Second, the issues dealt with are not the same. In *Walker*, the court found that MERS could not transfer the promissory note to CitiBank because it was only a nominee for the lender. In that case, the bankruptcy court was deciding on a proof of claim in the bankruptcy context where a claimant had been assigned an interest from MERS. However, *Walker* <u>did not</u> analyze the legitimacy of MERS to initiate non-judicial foreclosure sales. Plaintiff still fails to address the copious amounts of case law on the subject that hold that MERS has authority to initiate non-judicial foreclosure where the deed of trust allows such. A court invalidating an assignment from MERS to a subsequent assignee is not the same as saying MERS does not have authority to initiate foreclosure under the terms of the deed of trust.

Plaintiff relies upon the same meritless theory as discussed regarding MERS' status as the contractually designated nominal beneficiary. As explained above, this theory is without support in law, and therefore cannot support the Plaintiff's slander claim. Accordingly, this claim should be dismissed for failure to state a claim under the law.

///
///
///

---

Defendants'
Reply to Plaintiff's Response
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

11

**H.   Plaintiff Fails To Plead Each of the Required Elements to State a Claim for Slander of Title**

Plaintiff merely includes the recorded documents in an attempt to substantiate his claim that Defendants slandered title to his real property. (See Complaint). But again, Plaintiff fails to provide the requisite factual allegations to support his claim. To state a cause of action for slander of title, a plaintiff must allege <u>facts</u> to establish: (1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." *See Rorvig v. Douglas*, 123 Wash.2d 854, 859 (1994). There is no factual basis for this claim.

**I.   Plaintiff Fails To Plead Sufficient Facts to State a Claim for Violation of the Washington Consumer Protection Act, RCW §19.86, *et. seq.***

Plaintiff's argument that Defendants violated Washington's Consumer Protection Act suffers from the exact same fatal pleading defects as each of the Plaintiff's other claims discussed herein. Plaintiff diatribe distraction fails to refute any of Defendants arguments in the Motion to Dismiss. As such it fails as a matter of law.

Nevertheless, to prevail on a Consumer Protection Act claim, a private plaintiff must plead facts demonstrating: (1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *See Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at *10 (W.D.Wash. Aug. 5, 2008) (citing *Indoor Billboard/Washington,*

| Defendants' Reply to Plaintiff's Response & Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |
|---|---|

*Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash.2d 59, 75, 170 P.3d 10 (2007)).

Here, the Plaintiff has failed to clearly allege the necessary facts to allow Defendants to discern which Defendant committed what "unfair or deceptive act or practice", if any; what the relevant public interest is; and what causal link exists between any such unfair or deceptive act and Plaintiff's alleged injury. Accordingly, this Court should dismiss Plaintiff's Consumer Protection Act claim against Defendants as a matter of law.

### J. Plaintiff's Request For Injunctive Relief Should Also Be Denied

Again, the causes of action alleged in the Plaintiff's Complaint are not grounded in the law and are not supported by any discernable factual pleading. As a result, there are simply no grounds upon which this Court could reasonably conclude that the Plaintiff has even a "fair chance of success on the merits" on the underlying claims, and/or has raised any questions that are "serious enough to require litigation." *Benda v. Grand Lodge of Intern. Ass'n of Machinists and Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978). Because Plaintiff has failed to satisfy the threshold criteria to obtain the requested injunctive relief, the Court must deny the Plaintiff's application for a preliminary injunctive relief as a matter of law.

### K. There Are No Facts To Support A Claim of Conspiracy

The elements of conspiracy are: (1) an agreement (2) between at least two people (3) to commit an unlawful act by (3) lawful or unlawful means. *Bayha v. Lampson*, 152 Wash.App. 1002 (Wash.App. 2009).

| | |
|---|---|
| Defendants'<br>Reply to Plaintiff's Response<br>& Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA 92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |

1  This cause of action alleged in the Plaintiff's Response is not grounded in
2  the law and is not supported by any discernable factual pleading. As such,
3  Plaintiff's claim must be dismissed as a matter of law.

### III. CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Complaint in its entirety, and any further relief as this Court deems just and proper.

Dated: October 1, 2010

HOUSER & ALLISON
A Professional Corporation

/s/ Robert W. Norman, Jr.
Robert W. Norman, Jr.
Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

Defendants'
Reply to Plaintiff's Response
& Objection to Rule 12 Motion

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

14

## DECLARATION OF SERVICE

The undersigned declares as follows:

On <u>October 1, 2010</u>, I served the foregoing document on the following individuals by U.S. Mail, Postage Prepaid:

Phimpa Thepvongsa
20044 139TH Way, SE
Kent, WA 98042

/s/Robert W. Norman
Robert W. Norman

| | |
|---|---|
| Defendants'<br>Reply to Plaintiff's Response<br>& Objection to Rule 12 Motion | Robert W. Norman, Jr. (SBN 37094)<br>Houser & Allison, APC<br>9970 Research Drive<br>Irvine, CA92618<br>PH: (949) 679-1111<br>FAX: (949) 679-1112 |

15