Phimpha Thepvongsa
20044 139th Way SE
Kent, WA 98042

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| Phimpha Thepvongsa<br>Plaintiff,<br><br>vs.<br><br>**Regional Trustee Services Corp. et. al**<br><br>Defendant(s) | Case # C10 1045 RSL<br><br><br>MOTION FOR RECONSIDERATION OF DISMISSAL WITH PREJUDICE VIOLATION OF FAIR CREDIT REPORTING ACT<br><br>NOTE ON MOTION CALENDAR:<br><br>February 16rd, 2011 |
|---|---|

Comes now Phimpha Thepvongsa, Plaintiff, and moves the court to reconsider its recent order of January 27th, 2011, denying with prejudice, the claim of violation of the Fair Credit Reporting Act.

Plaintiff understands and greatly appreciates that the Court has allowed a wider latitude regarding pleading standards in accordance Haines v. Kerner. It is also understood as stated in the order that "Pursuant to Federal Rule of Civil Procedure 12(b) (6), the Court construes the complaint in the light most favorable to the non-moving party. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005)."

Plaintiff is currently seeking counsel to assist with compliance of Civil Rules and increasing the standards of the pleadings to this honorable court. Even in the event Plaintiff is unable to obtain

1   counsel Plaintiff will continue to endeavor to increase and provide a higher standard of pleadings
2   to the Court.

3   Plaintiff understands and agrees with the Court that the original complaint inadequately plead the
4   count of Violations of the Fair Credit Reporting Act as the complaint mistakenly cited the
5   inappropriate sub-section 1681s-2(a) of the statue instead of pleading that Defendant(s) Ocwen
6   & Saxon had violated the requirements under subsection (b).

7   Furthermore, It is understood that because the pre-requisite requirement of the Statute of
8   subsection (b) in the statute of notifying the consumer reporting agency so it may "offer the
9   furnisher the opportunity to save itself from liability by taking certain steps. 15 U.S.C. §1681s-
10  2(b), §1681n; Nelson, 282 F.3d at 1060; see Tuazon v. HSBC Mortgage Servs., Inc., 2007 U.S.
11  Dist. LEXIS 47703, *4 (W.D. Wn. 2007) ("a consumer who disputes furnished credit
12  information is required to follow a procedure set out in the FCRA which begins with notifying
13  the credit reporting agency directly of the dispute.").was at the time unknown to Plaintiff that it
14  had not yet been complied with.

15  Therefore, for the reasons stated above Plaintiff agrees that his initial pleadings for a violation of
16  the FCRA were inadequate and as such the Court must dismiss the count.

17  However, Plaintiff did take action upon realizing a pre-requisite on the Statute had been missed.

18  Plaintiff mailed a dispute of the information provided by Defendant(s) Ocwen & Saxon directly
19  to the credit reporting agencies on Nov. 24th, 2010, after receiving Defendant Saxon Motion to
20  Dismiss which provided the information this pre-requisite is required.

21  At the time of this Court issuing its order on January 27, 2011 there had been no responses from
22  the credit bureaus or Defendant Ocwen.

23  A request for more information from Defendant Saxon was received. This request seems to be a
24  bit ridiculous as if Defendant Saxon has adequate information to report information to the credit

agencies in regards to Plaintiff. Defendant Saxon should know who Plaintiff is and have an appropriate file with supporting evidence of such a debt.

Plaintiff again pulled a credit report from the bureaus on Feb. 15, 2011 Defendant Saxon continues reporting to Equifax Defendant(s) continue to violate subsection (b).

Plaintiff requests this Honorable Court to avoid denying Plaintiff the ability to bring a properly plead complaint against those Defendant(s) simply because there were technical inadequacies in the pleadings of the first complaint against Defendant(s).

Dismissing Plaintiff's claim with prejudice will basically give Defendant(s) an exemption from the statute due to the technical inadequacies of a Pro Se Plaintiff's original complaint. In which Plaintiff had no previous experience in how to properly plead a violation and was simply putting forth a best effort attempt at the time.

Wherefore, Plaintiff hereby moves the Court to reconsider its order of dismissing with prejudice the claim of violation of the Fair Credit Reporting Act against Defendant(s) Ocwen and Saxon.

While the dismissal of the claim appears to be appropriate and unavoidable, Plaintiff hereby moves the order be amended to a dismissal without prejudice, so as to preserve Plaintiff rights under subsection (b) of the Act which Defendant(s) continue to violate and Plaintiff will accurately plead in the amended complaint.

Respectfully Submitted,

/s/ Phimpha Thepvongsa

Phimpha Thepvongsa
206-708-5014
thph60@gmail.com