1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

PHIMPHA THEPVONGSA,

No. C10-1045 RSL

9

Plaintiff,

10

v.

ORDER GRANTING PLAINTIFF'S
MOTION FOR RECONSIDERATION

11

REGIONAL TRUSTEE SERVICES
CORPORATION, et al.,

12

Defendants.

13

14      This matter comes before the Court on pro se plaintiff Phimpha Thepvongsa's motion

15  for reconsideration.  Dkt. #34.  On January 26, 2011, the Court granted defendants' motion to

16  dismiss plaintiff's claim for violation of the Fair Credit Reporting Act ("FCRA") with

17  prejudice.  Dkt. #32.  Plaintiff requests that the Court amend its Order to dismiss plaintiff's

18  claim for FCRA violation without prejudice so that if the prerequisites under 15 U.S.C.

19  §1681s-2(b) are met, he may amend his complaint.

20      Local Civil Rule 7(h) provides that motions for reconsideration are disfavored, and the

21  Court "will ordinarily deny such motions in the absence of a showing of manifest error in the

22  prior ruling or a showing of new facts or legal authority which could not have been brought to

23  its attention earlier with reasonable diligence."  Local Civ. R. 7(h)(1).  Motions for

24  reconsideration must be filed within fourteen days after the order to which it relates is filed.  Id.

25  7(h)(2).  Plaintiff filed the motion more than fourteen days after the Court's Order.  However,

26

ORDER GRANTING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 1

in the interests of justice and given that plaintiff is pro se, the Court will consider the merits of plaintiff's motion.

Plaintiff seems to argue that he will amend his complaint to allege that defendants continue reporting to credit reporting agencies ("CRA") information they know to be inaccurate.  However, this type of allegation would raise an alleged violation of 15 U.S.C. §1681s-2(a), which does not allow for private suits.  Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002); Marks v. Green Tree Servicing, 2010 U.S. Dist. LEXIS 119979, * (N.D. Cal. 2010) (no private right of action against furnisher of false information).

After a CRA receives notice that information is disputed, the furnisher of the disputed information has the following four duties:

> to conduct an 'investigation with respect to the disputed information;' to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation find the information is incomplete or inaccurate to report those results 'to all [nationwide] consumer reporting agencies to which the person furnished the information.'

Nelson, 282 F.3d at 1059 (quoting 15 U.S.C. §1681s-2(b).  A consumer then has a private right of action in connection with the performance of these four duties.  Marks, 2010 U.S. Dist. LEXIS 119979 at *11.

Plaintiff has not alleged any new facts that would give rise to a private cause of action under section 1681s-2(b).  However, in the interests of justice, the Court will amend its Order to dismiss plaintiff's FCRA claim without prejudice.  Plaintiff may amend his complaint to state a claim for FCRA only if he can state facts that a furnisher of the disputed information violated one of the four duties listed above.

ORDER GRANTING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 2

1    For all the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration,

2    and AMENDS its January 26, 2011 Order to DISMISS plaintiff's FCRA claim WITHOUT

3    PREJUDICE.

4    DATED this 28th day of February, 2011.

5

6

7    _Mar S Lasnik_

8    Robert S. Lasnik
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION
FOR RECONSIDERATION - 3