1

Honorable Robert S. Lasnik

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8 | Phimpha Thepvongsa,

Case No.  C10-1045RSL

9 | Plaintiffs,

10 | v.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND EXTENSION OF TIME**

11

12 | Regional Trustee Services Corporation; Old Republic Title LTD.; Ocwen Loan Servicing LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc.; New Century Mortgage Corporation; Deutsche Bank National Trust Company; Morgan Stanley ABS Capital I Inc.; and Does 1 through 20,

13

14

15

Noted for Consideration: March 11, 2011

16

17

18 | Defendants.

19

20

21

22

23

24

25

Defendants' Opposition to Plaintiff's
Motion for Relief from Deadline to
File Second Amended Complaint and
Extension of Time - Page 1
Case No. 2:10-cv -01045-RSL

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

# I. **INTRODUCTION**

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Deutsche Bank National Trust Company as Trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC4 Mortgage Pass through certificates, Series 2007-NC4, erroneously sued as Deutsche Bank National Trust Company ("Deutsche Bank, as Trustee) (collectively "Defendants") hereby oppose Plaintiff Pimpha Thepvongsa's ("Plaintiff") Motion for Relief from Deadline to File Second Amended Complaint and Extension of Time ("Motion").

Plaintiff puts forth no good cause to grant an extension to the filing deadline for his second amended complaint, which was February 25, 2011. *See* Court Order, **Dkt. No. 32**, page 19. Plaintiff cites his miscalculation of the 30-day court-ordered deadline as his excuse for his failure to comply with the Court Order. Motion at page 1. Plaintiff's failure to calendar his response time is clearly inexcusable. The court order established, in no uncertain terms, the deadline of 30 days to file his amended complaint. It takes no more than a calendar to determine the final deadline for filing his second amended complaint.

Moreover, one needs to look no further than Plaintiff's behavior during his 30-day deadline to determine that this Motion is a dilatory tactic. With the 30 days that he had to file his second amended complaint, Plaintiff claims that he "work[ed] hard" to complete his complaint and "actively [sought] [c]ounsel" to represent him. Motion at page 1. Plaintiff has had at least eight months since the filing of his suit to retain counsel and research his causes of action. Yet suddenly, on the day of his deadline to file his second amended complaint, Plaintiff conveniently states that he has found counsel to represent him. Motion at page 1.

Defendants' Opposition to Plaintiff's
Motion for Relief from Deadline to
File Second Amended Complaint and
Extension of Time - Page 2
Case No. 2:10-cv -01045-RSL

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

Such excuses do not justify bringing this Motion. This is also Plaintiff's second amended complaint. He has had enough opportunities to research his claims and consult counsel. Plaintiff's request is a dilatory tactic to stall.

Additionally, any extension of time for Plaintiff to respond would cause undue prejudice to Defendants by preventing Defendants from complying with this Court's scheduling order and preparing for trial. Accordingly, Plaintiff's Motion should be denied.

## II.   PLAINTIFF'S MOTION FAILS TO SET FORTH GOOD CAUSE FOR AN EXTENSION

Plaintiff fails to set forth any legal authority or good cause to warrant an extension of time. Plaintiff states that he miscalculated the 30-day deadline and further states that he used the 30-day court ordered deadline to file his second amended complaint to "work hard to complete" the complaint and to "actively seek[] [c]ounsel." Motion at page 1. Such grounds are not sufficient to constitute good cause.

In this Court's ruling on Defendants' Motion to Dismiss it states that "Plaintiff may amend his complaint with respect to claims that the Court has not dismissed with prejudice within thirty days of this Order." Court Order, **Dkt. No. 32**, page 19. Plaintiff's behavior during his 30-day deadline is telling. "Working hard to complete" the complaint and "actively seeking [c]ounsel" are poor excuses for his non-compliance with a Court Order. *See* Motion at page 1. Plaintiff has had at least eight months since the filing of his suit to retain counsel, research his causes of action, and anticipate the filing of another complaint. Indeed, he had already requested a similar opportunity to file "a more definite statement" in his Response to Defendants' Motion to Dismiss, filed on September 24, 2010. *See*

---

Defendants' Opposition to Plaintiff's
Motion for Relief from Deadline to
File Second Amended Complaint and
Extension of Time - Page 3
Case No. 2:10-cv -01045-RSL

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

Response, **Dkt. No. 29** at page 14.   Additionally, this is his second amended complaint. Plaintiff has had enough opportunities to formulate his claims and consult counsel.  Plaintiff has not established good cause for an extension.

Despite Plaintiff's pro per status, Plaintiff initiated this suit, prepared a motion for a temporary restraining order and permanent injunction **(Dkt. No. 4)**, filed his complaint **(Dkt. No. 3)** and his first amended complaint **(Dkt. No. 7)**, and served the summons and complaint on all defendants in this matter **(Dkt. Nos. 8-9)**.   It appears Plaintiff is determined to proceed with this matter without representation.  Plaintiff has not established good cause to extend his time to file his second amended complaint.

## III.   DEFENDANT WILL BE UNFAIRLY PREJUDICED BY A TIME EXTENSION

Defendant will be unfairly prejudiced by an extension of time for Plaintiff to respond to Defendants' Motion to Dismiss.  This case is presently at issue and there are impending deadlines under this Court's scheduling order.  On February 3, 2011, this Court issued a scheduling order setting forth the following deadlines: F.R.C.P. 26(f) conference to be held by March 28, 2011, Initial Disclosures to be served by April 4, 2011, and a Combined Joint Status Report and Discovery Plan to be submitted no later than April 11, 2011. **Dkt. No. 33.**

Plaintiff's request for an extension of 10-14 "working days" to file a second amended complaint, if granted, would not afford Defendants a sufficient amount of time to comply with this Court's scheduling orders. *See* Motion at page 2. Furthermore, the lack of information would also prevent the parties from participating in any meaningful settlement conference and/or mediation, and

---

Defendants' Opposition to Plaintiff's
Motion for Relief from Deadline to
File Second Amended Complaint and
Extension of Time - Page 4
Case No. 2:10-cv -01045-RSL

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

1   ultimately prevent Defendants from adequately preparing for trial for the
2   remaining causes of action in this suit.  Plaintiff's request must be denied.
3
4   Dated:  March 3, 2011                         **HOUSER & ALLISON**
                                                  A Professional Corporation
5
6
                                                  /s/ Robert W. Norman, Jr.
7                                                 ROBERT W. NORMAN, JR.
8                                                 Attorney for Defendants
                                                  Ocwen Loan Servicing, LLC, Mortgage
9                                                 Electronic Registration Systems, Inc., and
                                                  Deutsche Bank National Trust Company as
10                                                Trustee for the registered holders of Morgan
                                                  Stanley ABS Capital I Inc. Trust 2007-NC4
11                                                Mortgage Pass through certificates, Series
                                                  2007-NC4, erroneously sued as Deutsche
12                                                Bank National Trust Company
13
14
15
16
17
18
19
20
21
22
23
24
25

Defendants' Opposition to Plaintiff's          Robert W. Norman, Jr. (SBN 37094)
Motion for Relief from Deadline to             Houser & Allison, APC
File Second Amended Complaint and              9970 Research Drive
Extension of Time - Page 5                     Irvine, CA 92618
Case No. 2:10-cv -01045-RSL                    PH: (949) 679-1111
                                               FAX: (949) 679-1112

1

## **DECLARATION OF SERVICE**

2

3    The undersigned declares as follows:

4        On March 4, 2011, I served the foregoing document on the following

5    individuals by mail:

6    Phimpa Thepvongsa
7    20044 139TH Way, SE
     Kent, WA  98042
8    *Plaintiff in pro se*

9                                        /s/ Karen Delaney
10                                       Karen Delaney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

Defendant's Opposition to Plaintiff's
Motion Extending Time To Respond
to Defendant's Motion to Dismiss
Plaintiff's First Amended Complaint -
Page 1
Case No. 2:09-CV-00183-MJP

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112