UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHIMPHA THEPVONGSA, | No. C10-1045 RSL |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| REGIONAL TRUSTEE SERVICES CORPORATION, et al., | |
| Defendants. | |

This matter comes before the Court on plaintiff Phimpha Thepvongsa's motion for leave to file a Second Amended Complaint ("SAC"). Dkt. #48. On June 24, 2010, plaintiff filed his complaint *pro se*. Dkt. #3. On July 23, 2010, plaintiff filed an amended complaint *pro se*. Dkt. #7. Defendants moved to dismiss plaintiff's amended complaint. On January 26, 2011, the Court granted in part and denied in part defendants' motion to dismiss. Dkt. #32. On February 25, 2011, the day plaintiff should have filed his SAC, he filed a motion for extension of time *pro se*. Dkt. #35. On March 17, 2011, the Court granted the motion, and set March 24, 2011 as the new deadline. Dkt. #40. Mr. Mueller, counsel for plaintiff, filed his notice of appearance on March 17, 2011. Dkt. #41.

Mr. Mueller states that he became aware of the March 24, 2011 deadline on March 19, 2011. Dkt. #49 (Mueller Decl.) ¶10. He states that it would have been a practical impossibility

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT - 1

to file the SAC by March 24, 2011 because of his schedule of other work and his unfamiliarity with plaintiff's case. Id. While Mr. Mueller considered the possibility of bringing a motion for further extension of time, he believed he "was too new to the case to be able to know how much time [he] needed to prepare a Second Amended Complaint, and [he] did not yet have a clear idea of the scope of the Second Amended Complaint." Id. ¶11. "In [his] view, without the submittal of a comprehensive summary of a Second Amended Complaint with such a motion [he] could not present a feasible extension of time request." Id. Accordingly, plaintiff did not file a SAC on the date ordered. On April 11, 2011, the Court ordered plaintiff to show cause why his complaint should not be dismissed with prejudice for failure to comply with the Court's Order. Dkt. #43. Plaintiff failed to respond.

Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading with opposing party's written consent or leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendants argue that plaintiff's motion should be denied because plaintiff's failure to comply with the Court's orders shows a pattern of disregard for the Court and because defendants will be prejudiced by a further time extension. Dkt. #51. Defendants argue that they will be prejudiced if the motion is granted because they will file a motion to dismiss, which would further delay the case and impact the deadlines in the Joint Status Report. Id. at 51. The deadlines that defendants are concerned about are a July 22, 2011 deadline for joinder of additional parties, an October 28, 2011 deadline for mediation, and a December 12, 2011 deadline for completion of discovery. Id.

The Court will not fault plaintiff for his conduct as a *pro se* litigant. However, the Court notes that plaintiff, while represented by counsel, ignored two Court Orders. The Court understands Mr. Mueller's concerns regarding his unfamiliarity with the case when he first

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT - 2

appeared on March 17, 2011.[1]  Although plaintiff should have filed a motion for extension of time, rather than ignore the Court's Orders, the Court finds that justice requires granting leave to amend.  Defendants will not be prejudiced by the deadlines set forth in the Joint Status Report because the parties may seek an Order extending the upcoming deadline for joinder of parties, if needed.

    For all the foregoing reasons, plaintiff's motion for leave to file second amended complaint is GRANTED.  Plaintiff shall file his SAC in the docket within five days of the date of this Order.

    DATED this 27th day of May, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court cautions plaintiff that further violation of the Court's Orders, Federal Rules of Civil Procedures, or Local Civil Rules may result in adverse rulings.  While the Court understands that plaintiff's counsel is a solo practitioner, lack of familiarity with applicable rules is not an excuse.

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT - 3