The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Phimpha Thepvongsa, et al<br><br>                Plaintiff,<br><br>    v.<br><br>Regional Trustee Services Corporation; Ocwen Loan Servicing LLC; Saxon Mortgage Services, Inc.; Mortgage Electronic Registration Systems, Inc.; Deutsche Bank National Trust Company, as Trustee for Mortgage Stanley ABS Capital I Inc Trust 2007-NC4,<br><br>                Defendants | NO.   2:10-cv-01045-RSL<br><br>DEFENDANT REGIONAL TRUSTEE SERVICES CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT |

COMES NOW defendant Regional Trustee Services Corporation ("Regional"), by and through its attorneys of record Robinson Tait, P.S., and hereby answers plaintiff's Second Amended Complaint as follows:

    1.    **Paragraph 1.1:**    Regional does not contest the jurisdiction or venue of this Court.

ANSWER TO SECOND AMENDED
COMPLAINT - 1

2.    **Paragraph 1.2:**    Admit.

3.    **Paragraph 1.3:**    Regional admits the facts averred in the first three sentences of paragraph 1.3. As to the fourth sentence, this is a restatement of Plaintiff's claims and does not need to be answered. Regional does not dispute the Court's jurisdiction in this matter.

4.    **Paragraph 1.4**:    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

5.    **Paragraph 1.5**:    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

6.    **Paragraph 1.6**:    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

7.    **Paragraph 1.7**:    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

8.    **Paragraph 2.1**:    Regional admits the allegations of this paragraph only to the extent that the documents purported to be copies of the original note and three accompanying riders speak for themselves. Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein as it was not involved in the loan origination process in any capacity.

9.    **Paragraph 2.2**:    Regional admits the allegations of this paragraph only to the

ANSWER TO SECOND AMENDED
COMPLAINT - 2

extent that the purported copy of the Deed of Trust referred to as "DoT#1" speaks for itself. Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein as it was not involved in the loan origination process in any capacity.

10.    **Paragraph 2.3**:    Regional admits the allegations of this paragraph only to the extent that the purported copy of the Assignment of Deed of Trust speaks for itself.

11.    **Paragraph 2.4.1**:    Denied.

12.    **Paragraph 2.4.2**:    Regional admits that the Assignment is recorded, but denies that a recorded Assignment of Deed of Trust constitutes a "cloud on title."

13.    **Paragraph 2.4.3**:    Regional admits to the extent that the recorded Assignment of Deed of Trust speaks for itself.  Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations contained within the last sentence, and therefore, denies the allegations contained therein as it was not involved in the assignment process in any capacity.

14.    **Paragraph 2.4.4**:    Regional admits to the extent that the filed court document speaks for itself.  Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations contained within the last sentence, and therefore, denies the allegations contained therein.

15.    **Paragraph 2.4.5**:    Regional admits to the extent that the recorded Assignment of Deed of Trust speaks for itself.  Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations contained within the last sentence, and therefore, denies the allegations contained therein as it was not involved in the assignment process in any capacity.

16.    **Paragraph 2.4.6**:    Regional does not possess sufficient knowledge, information, or

ANSWER TO SECOND AMENDED
COMPLAINT - 3

*Law Offices*
R O B I N S O N   T A I T ,  P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein as it was not involved in the loan origination process in any capacity.

17.     **Paragraph 2.4.7**:     Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.   To the extent that Plaintiff's conclusions about MERS's admissions in prior litigation are based on the attached documentation, Regional admits insofar as the court files speak for themselves.

18.     **Paragraph 2.4.8**:     Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

19.     **Paragraph 2.4.9**:     Regional denies the legal conclusions contained in this paragraph. As to the factual allegations, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

20.     **Paragraph 2.5**:     Admit insofar as the recorded Appointment of Successor Trustee speaks for itself.

21.     **Paragraph 2.5.1**:     Admit insofar as the recorded Appointment of Successor Trustee speaks for itself.

22.     **Paragraph 2.5.2**:     As to the first sentence, Regional admits insofar as the referenced document speaks for itself.  As to the second sentence, Regional denies insofar as the Affidavit of Possession of Note was issued before the Appointment of Successor Trustee.  Regional is entitled to rely on this Affidavit under Washington law.

ANSWER TO SECOND AMENDED
COMPLAINT - 4

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

23.     **Paragraph 2.5.3**:     Regional incorporates its answers to Paragraphs 2.3 and 2.4 and subparagraphs.   With respect to all but the last sentence, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.  As to the last sentence, which is a statement of law, Regional is not required to answer.

24.     **Paragraph 2.5.4**:     Regional admits the allegations in the first sentence insofar as the referenced document speaks for itself.   As to the last sentence, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

25.     **Paragraph 2.5.5**:     Regional admits the allegations in the first sentence insofar as the referenced document speaks for itself.   As to the last sentence, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

26.     **Paragraph 2.5.6**:     Regional admits the allegations contained herein insofar as the referenced document (deposition transcript of Scott Walter) speaks for itself.

27.     **Paragraph 2.6.1**:     Admit.

28.     **Paragraph 2.6.2**:     Admit.

29.     **Paragraph 2.6.3**:     Admit.

30.     **Paragraph 2.6.4**:     Regional incorporates its answers to paragraphs 2.2 through 2.4 above.  Regional denies that it recited a false factual statement on NoT #1.

31.     **Paragraph 2.6.5**:     As to the first sentence, Regional admits insofar as the document speaks for itself.  As to the second sentence, Regional denies that the "Beneficiary

ANSWER TO SECOND AMENDED
COMPLAINT - 5

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

Advances" have not been explained to Plaintiff, and admit that Plaintiff requested an explanation and accounting.  As to the fourth and fifth sentences, Regional denies.  As to the last sentence, which appears to be a legal conclusion, Regional is not required to answer.

32.   **Paragraph 2.6.6:**   Admit.

33.   **Paragraph 2.6.7:**   As to the allegations regarding the NoT#1, Regional admits insofar and the document speaks for itself.  As to the remainder of the allegations herein, Regional admits with the following clarification based on information provided by Defendant Saxon:  the monthly payments due include both principal and interest ($1,871.52) along with escrow payments every month.  The escrow payment in June, 2008 was $280.40 which, when added to the principal and interest amount, brings the total monthly payment to $2,151.92 for that month.  Thereafter, the escrow payments amounted to $351.05, resulting in a monthly payment of $2,222.57.

34.   **Paragraph 2.6.8:**   As to the allegations regarding the NoT#1, Regional admits insofar and the document speaks for itself.  As to the remainder of the allegations herein, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

35.   **Paragraph 2.6.9:**   Admit.

36.   **Paragraph 2.7.1:**   Admit.

37.   **Paragraph 2.7.2:**   Admit.

38.   **Paragraph 2.7.3:**   As to the differences between the first and second Notices of Trustee's Sale, Regional admits insofar as the documents speak for themselves.  Regional incorporates its answers to paragraphs 2.2 through 2.4 in answer to remainder of the paragraph.

39.   **Paragraph 2.7.4:**   As to the differences between the first and second Notices of

ANSWER TO SECOND AMENDED
COMPLAINT - 6

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

1  Trustee's Sale, Regional admits insofar as the documents speak for themselves.    As to the

2  allegations concerning "Beneficiary Advances," Regional incorporates its answer to paragraph 2.6.5

3  above.

4          40.    **Paragraph 2.7.5:**    As to the differences between the first and second Notices of

5  Trustee's Sale, Regional admits insofar as the documents speak for themselves.  As to the remainder

6  of the allegations herein, Regional does not possess sufficient knowledge, information, or belief at

7  this time to answer the allegations of this paragraph, and therefore, denies the allegations contained

8
9  therein.

10         41.    **Paragraph 2.7.6:**    Admit.

11         42.    **Paragraph 2.8.1:**    Regional does not possess sufficient knowledge, information, or

12 belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the

13
14 allegations contained therein.

15         43.    **Paragraph 2.8.2:**    As to Plaintiff's actions, Regional does not possess sufficient

16 knowledge, information, or belief at this time to answer the allegations of this paragraph, and

17 therefore, cannot admit or deny the allegations contained therein.

18
19         44.    **Paragraph 2.8.2.1:**    Admit insofar as the documents speak for themselves.

20         45.    **Paragraph 2.8.2.2:**    As to the allegations regarding Ocwen's responsive letter,

21 Regional admits insofar and the document speaks for itself, although the letter is hearsay and it has

22 yet to be authenticated.  As to the remainder of the allegations, Regional does not possess sufficient

23
24 knowledge, information, or belief at this time to answer the allegations of this paragraph, and

25 therefore, cannot admit or deny the allegations contained therein.    As to the last sentence

26 specifically, Regional has provided Plaintiff with a copy of the Affidavit of Possession of Note

27
28

ANSWER TO SECOND AMENDED
COMPLAINT - 7

declaring that Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4 is in possession of the original Note.

46.    **Paragraph 2.8.2.3:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

47.    **Paragraph 2.8.2.4:**    Admit.

48.    **Paragraph 2.9:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

49.    **Paragraph 2.9.1:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

50.    **Paragraph 2.9.2:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

51.    **Paragraph 2.9.3:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

52.    **Paragraph 2.9.4:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

53.    **Paragraph 2.9.5:**    Regional does not possess sufficient knowledge, information, or

ANSWER TO SECOND AMENDED
COMPLAINT - 8

1   belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the

2   allegations contained therein.

3       54.   **Paragraph 2.9.6:**    As to the referenced document, the Saxon letter, Regional

4   admits to the extent that the document speaks for itself, although the contents are hearsay and the

5   document has yet to be authenticated.  Regional does not possess sufficient knowledge, information,

6   or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny

7

8   the allegations contained therein.

9       55.   **Paragraph 2.9.7:**    Regional does not possess sufficient knowledge, information, or

10  belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the

11

12  allegations contained therein.

13      56.   **Paragraph 2.9.7.1:**    Regional does not possess sufficient knowledge, information, or

14  belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the

15  allegations contained therein.

16

17      57.   **Paragraph 2.9.7.2:**    Regional does not possess sufficient knowledge, information, or

18  belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the

19  allegations contained therein.

20      58.   **Paragraph 2.9.7.3:**    Regional does not possess sufficient knowledge, information, or

21  belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the

22

23  allegations contained therein.

24      59.   **Paragraph 2.9.8:**    Regional does not possess sufficient knowledge, information, or

25  belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the

26  allegations contained therein.

27

28

ANSWER TO SECOND AMENDED
COMPLAINT - 9

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

60.   **Paragraph 2.9.8.1:**   Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

61.   **Paragraph 2.9.8.2:**   Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.  The last sentence seems to be a legal conclusion to which no answer is required.

62.   **Paragraph 2.9.9:**   These are conclusions of law and legal allegations not directed at Regional.  Thus, Regional is not required to answer.  If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

63.   **Paragraph 2.9.10:**   Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

64.   **Paragraph 2.9.10.1:**  This is a conclusion of law and a legal allegation made against other defendants and not directed at Regional.  Thus, Regional is not required to answer.  If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

65.   **Paragraph 2.9.10.2:**  This is a conclusion of law and a legal allegation made against other defendants and not directed at Regional.  Thus, Regional is not required to answer.  If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

66.     **Paragraph 2.9.10.3:**  This is a conclusion of law and a legal allegation made against other defendants and not directed at Regional.  Thus, Regional is not required to answer.  If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

67.     **Paragraph 2.9.10.4:**  This is a conclusion of law and a legal allegation made against other defendants and not directed at Regional.  Thus, Regional is not required to answer.  If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

68.     **Paragraph 2.9.10.5:**  This is a conclusion of law and a legal allegation made against other defendants and not directed at Regional.  Thus, Regional is not required to answer.  If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein..

69.     **Paragraph 2.10:**      This is a conclusion of law and a legal allegation made against other defendants and not directed at Regional.  Thus, Regional is not required to answer.  If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

ANSWER TO SECOND AMENDED
COMPLAINT - 11

Law Offices
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

70.    **Paragraph 2.11.1:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

71.    **Paragraph 2.11.2:**    This is a conclusion of law and a legal allegation made against other defendants and not directed at Regional.   Thus, Regional is not required to answer.   If an answer is necessary, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, denies the allegations contained therein.

72.    **Paragraph 2.11.3:**    To the extent that the paragraph references publically filed documents, Regional admits insofar as the filed documents speak for themselves.   As to the rest, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

73.    **Paragraph 2.11.3.1:**    To the extent that the paragraph references publically filed documents, Regional admits insofar as the filed documents speak for themselves.   As to the rest, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

74.    **Paragraph 2.11.3.2:**    To the extent that the paragraph references publically filed documents, Regional admits insofar as the filed documents speak for themselves.   As to the rest, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

75.    **Paragraph 2.11.3.3:**    To the extent that the paragraph references publically filed documents, Regional admits insofar as the filed documents speak for themselves.   As to the rest,

ANSWER TO SECOND AMENDED
COMPLAINT - 12

Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

76.    **Paragraph 2.11.3.4:**  Regional is not required to answer this exposition of Plaintiff's legal theory.  Moreover, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

77.    **Paragraph 2.12.1:**    Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

78.    **Paragraph 2.12.2:**    To the extent Plaintiff references the pooling and servicing agreement, Regional admits only insofar as the purported document speaks for itself though it has yet to be authenticated.  As to the rest, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

79.    **Paragraph 2.12.3:**    The phrase "strict compliance" seems to be a legal conclusion, which Regional is not required to answer.  Moreover, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and therefore, cannot admit or deny the allegations contained therein.

80.    **Paragraph 2.12.4:**    To the extent Plaintiff references the pooling and servicing agreement already referenced, Regional admits only insofar as the purported document speaks for itself though it has yet to be authenticated.  As to the rest, Regional does not possess sufficient knowledge, information, or belief at this time to answer the allegations of this paragraph, and

ANSWER TO SECOND AMENDED
COMPLAINT - 13

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

1  therefore, cannot admit or deny the allegations contained therein.

2      81.  **Paragraph 2.12.5 [Misnumbered in Complaint as 2.12.4]:**    Regional does not

3  possess sufficient knowledge, information, or belief at this time to answer the allegations of this

4  paragraph, and therefore, cannot admit or deny the allegations contained therein.  Should an answer

5  be required, Regional admits that it had not seen any responsive documents to Plaintiff's requests at

6
7  the time Regional cancelled the trustee sale.

8      82.  **Paragraph 2.12.6 [Misnumbered in Complaint as 2.12.5]:**    Regional    admits

9  only to the extent that the documents filed with the Court speak for themselves.

10
      83.  **Paragraph 2.12.7 [Misnumbered in Complaint as 2.12.6]:**    Regional does not
11
12  possess sufficient knowledge, information, or belief at this time to answer the allegations of this

13  paragraph, and therefore, cannot admit or deny the allegations contained therein.

14      84.  **Paragraph 2.12.8 [Misnumbered in Complaint as 2.12.7]:**    This appears to be

15  a recital of Plaintiff's legal theory.  Thus, Regional is not required to answer.  Nonetheless, Regional

16  provided Plaintiff with the Affidavit of Possession of Note as indicated in answer to paragraph
17
18  2.8.2.2 above.

19      85.  **Paragraph 2.13.1:**    This is a recital of Plaintiff's request for documentary proof,

20  and no answer is required.

21      86.  **Paragraph 2.13.2:**    This paragraph is in the nature of a request for production, and
22
23  not a factual allegation.  Regional is not required to answer.

24      87.  **Paragraph 2.13.3:**    This paragraph is in the nature of a request for production, and

25  not a factual allegation.  Regional is not required to answer.

26      88.  **Paragraph 2.13.3.1:**  This paragraph is in the nature of a request for production, and
27
28  ANSWER TO SECOND AMENDED
   COMPLAINT - 14

not a factual allegation.  Regional is not required to answer.

89.   **Paragraph 2.13.3.2:**  This paragraph is in the nature of a request for production, and not a factual allegation.   Regional is not required to answer.   Nonetheless, Regional provided Plaintiff with the Affidavit of Possession of Note as indicated in answer to paragraph 2.8.2.2 above.

90.   **Paragraph 3.1.1:**   Regional incorporates its answers to paragraphs 1.1 through 2.13.

91.   **Paragraph 3.1.2:**   As to the claim that Regional violated RCW 61.24 et seq., Regional Denies.  As to the "warnings" by Attorney General McKenna, Regional admits insofar as the attached document (Plaintiff's Exhibit 2AC12) speaks for itself, though it is hearsay and has yet to be authenticated.

92.   **Paragraph 3.1.2.1:**   As to the "warnings" by Attorney General McKenna, Regional admits insofar as the attached document (Plaintiff's Exhibit 2AC12) speaks for itself, though it is hearsay and has yet to be authenticated.

93.   **Paragraph 3.1.2.2:**   Denied.

94.   **Paragraph 3.1.3:**   Denied.   Regional provided Plaintiff with the Affidavit of Possession of Note as indicated in answer to paragraph 2.8.2.2 above.

95.   **Paragraph 3.1.4:**   As to the "warnings" by Attorney General McKenna, Regional admits insofar as the attached document (Plaintiff's Exhibit 2AC12) speaks for itself, though it is hearsay and has yet to be authenticated.  As to the rest, Regional denies.

96.   **Paragraph 3.1.5:**   This is a recitation of Plaintiff's legal theory, and Regional is not required to answer.

97.   **Paragraph 3.2:**   This paragraph and subparagraphs direct a claim for relief

ANSWER TO SECOND AMENDED
COMPLAINT - 15

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

against another defendant.  Thus, Regional is not required to answer.

98.    **Paragraph 3.3:**        Regional is not liable to Plaintiff and does not owe Plaintiff any damages because Regional did not violate RCW 61.24 et seq.

99.    **Paragraph 3.4.1:**      Regional incorporates its answers to paragraphs 1.1 through 2.13 above.

100.    **Paragraph 3.4.2:**      Regional did not violate 12 U.S.C. § 2607(b) as it transcribed the beneficiary advances as reported to it by the foreclosing financial institution.  Regional took no part in accruing the beneficiary advances.

101.    **Paragraph 3.4.3:**      Regional did not violate 12 U.S.C. § 2607(b) as it transcribed the beneficiary advances as reported to it by the foreclosing financial institution.  Regional took no part in accruing or charging the beneficiary advances.

102.    **Paragraph 3.4.4:**      This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

103.    **Paragraph 3.4.5:**      This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

104.    **Paragraph 3.4.6:**      This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

105.    **Paragraph 3.4.7:**      This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

106.    **Paragraph 3.5.1:**      Regional denies that it is liable to Plaintiff for damages of any kind under 12 U.S.C. § 2605 or § 2607.

107.    **Paragraph 3.6.1**:      Regional incorporates its answers to Paragraphs 1.1 through

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

2.13.

108.   **Paragraph 3.6.2:**   Regional denies it is a debt collector as it is defined by the courts of the 9th Circuit.   Regional denies that it violated 15 U.S.C. § 1692.   Regional ceased foreclosure activities when it did not receive and did not see any responses to Plaintiff's dispute and validation letters.

109.   **Paragraph 3.6.3:**   This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

110.   **Paragraph 3.6.4:**   This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

111.   **Paragraph 3.6.5:**   Regional denies that it is liable to Plaintiff for damages of any under 15 U.S.C. § 1692 et seq.

112.   **Paragraph 3.7:**   This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

113.   **Paragraph 3.8.1:**   Regional incorporates its answers to paragraphs 1.1 through 2.13 above.

114.   **Paragraph 3.8.2:**   Regional denies that it violated the Washington Consumer Protection Act (CPA).  The last sentence of this paragraph is a restatement of law, and requires no answer from Regional.

115.   **Paragraph 3.8.2.1:**   Regional denies generally that it conducted unfair or deceptive acts.

ANSWER TO SECOND AMENDED
COMPLAINT - 17

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

116.   **Paragraph 3.8.2.2:**   This paragraph appears to be a restatement of the law and thus no answer is required.  To the extent one is required, RCW 19.86.010 and the interpreting case law speak for themselves.

117.   **Paragraph 3.8.2.3:**   Regional admits insofar as the content of its web site and advertising and marketing materials speak for themselves.  As for the rest, Regional denies generally that it acted in bad faith.

118.   **Paragraph 3.9.1:**   Regional denies that it is liable to Plaintiff for damages of any kind under RCW 19.86 et seq.

119.   **Paragraph 3.9.2:**   Regional denies that it is liable to Plaintiff for damages of any kind under RCW 19.86 et seq.

120.   **Paragraph 3.10:**   This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.  Moreover, this claim is moot as Regional is no longer conducting a foreclosure on the subject property.

121.   **Paragraph 3.11:**   This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.  Moreover, this claim is moot as Regional is no longer conducting a foreclosure on the subject property.

122.   **Paragraph 3.12:**   This paragraph and subparagraphs direct a claim for relief against another defendant.  Thus, Regional is not required to answer.  Regional denies to the extent that this paragraph is a recitation of Plaintiff's legal theory without a claim stated therein.  Regional incorporates its answers to paragraphs 1.1 through 2.13 above.  Regional has provided Plaintiff with a copy of the Affidavit of Possession of Note indicating Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4.

ANSWER TO SECOND AMENDED
COMPLAINT - 18

123.   **Paragraph 3.13:**   This paragraph purports to direct a claim for relief against another defendant.  Thus, Regional is not required to answer.  Regional denies to the extent that this paragraph is a recitation of Plaintiff's legal theory without a claim stated therein.

124.   **Paragraph 3.14:**   This paragraph directs a claim for relief against another defendant.  Thus, Regional is not required to answer.

125.   **Paragraph 3.15:**   Regional denies that Plaintiff is entitled to declaratory relief against it.  Moreover, a claim for declaratory relief voiding Regional's "actions" is unnecessary as notices of trustee's sale expire on their own terms per RCW 61.24 et seq.  Additionally, this claim is moot as to Regional because it is has cancelled the trustee's sale and is no longer the trustee.

126.   **Paragraph 3.16:**   As regards this paragraph and all subparagraphs, Regional denies that Plaintiff is entitled to injunctive relief against Regional.  A claim for permanent injunction is moot as to Regional because it is has cancelled the trustee's sale and is no longer the trustee.

## LEAVE TO AMEND

The above answers are based on the facts currently known to Regional. Regional Defendants reserve the right to amend their answers based on facts later discovered, pled or offered.

## AFFIRMATIVE DEFENSES

As and for the affirmative defenses to the claims in Plaintiff's complaint, and based on the knowledge available to them to date, Answering Defendants alleges as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

ANSWER TO SECOND AMENDED
COMPLAINT - 19

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

1   Plaintiff's Complaint and each cause of action therein may be barred, in whole or in part, to

2   the extent Plaintiff has waived or are estopped from, or are barred by the doctrine of laches from,

3   asserting such causes of action.

4   ### THIRD AFFIRMATIVE DEFENSE

5   Plaintiff's damages, if any, are the result of Plaintiff's own acts or omissions in failing to take

6

7   reasonable steps to protect his own interest.

8   ### FOURTH AFFIRMATIVE DEFENSE

9   Plaintiff's damages, if any, are the result of third parties over which Answering Defendants

10  have no control.

11  ### FIFTH AFFIRMATIVE DEFENSE

12

13  Plaintiff has failed to mitigate their damages, if any.

14  ### SIXTH AFFIRMATIVE DEFENSE

15  Regional complied with all applicable foreclosure statutes and regulations.

16

17  ### **RESERVATION OF COUNTERCLAIMS/CROSS-CLAIMS**
    ### **AND THIRD-PARTY CLAIMS**

18

19  Answering Defendants reserves the right to amend their answers, raise additional affirmative

20  defenses and/or bring cross-claims, counter-claims, and third-party claims based on facts later

21  discovered, pled, or offered.

22

23  ### **PRAYER FOR RELIEF**

24  WHEREFORE, Answering Defendants pray for relief as follows:

25  1.    Plaintiff takes nothing by way of their Complaint;

26  2.    Dismissal of the Plaintiff's Complaint with prejudice;

27

28  ANSWER TO SECOND AMENDED
    COMPLAINT - 20

*Law Offices*
R O B I N S O N   T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

3.      An award of fees and costs incurred in defending this action; and,

5.      Such other relief as the Court deems just and equitable.

DATED this 6th day of December, 2011.

/s/ Nicolas A. Daluiso
Nicolas A. Daluiso, #23505
Ryan M. Carson, #41057
Attorneys for Regional Trustee
Services Corporation

ANSWER TO SECOND AMENDED
COMPLAINT - 21

*Law Offices*
R O B I N S O N   T A I T ,  P . S .
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640