The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHIMPHA THEPVONGSA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Regional Trustee Services Corporation; Old Republic Title Company LTD.; Ocwen Loan Servicing LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc.; New Century Mortgage Corporation; Deutsche Bank National Trust Company; Mortgage Stanley ABS Capital I Inc.; Doe Defendants 1 thorugh 20,<br><br>　　　　　Defendants. | NO.   2:10-cv-01045-RSL<br><br>**DEFENDANT REGIONAL TRUSTEE SERVICES CORPORATION'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>NOTE ON MOTION CALENDAR:<br>March 22, 2013 |

## I.     INTRODUCTION/RELIEF REQUESTED

Defendant Regional Trustee Services Corporation ("Regional") respectfully requests this Court grant its motion for summary judgment and dismiss all claims asserted against it. Plaintiff asserts claims against Regional for violations of Washington's Deed of Trust Act, Washington's Consumer Protection Act, the Fair Debt Collection Practices Act, the Real Estate Settlement

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 1

*Law Offices*
R O B I N S O N  T A I T , P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

Procedures Act, and claims for declaratory and injunctive relief. Summary judgment should lie in favor of Regional because **(1)** it was acting in good faith towards the borrower when it provided the identity of the Note holder in several instances and was entitled to rely on the servicer's representation of ownership; **(2)** the so-called "beneficiary advances" are not costs associated with "settlement" as defined in the Real Estate Settlement Procedures Act; **(3)** Regional was not engaged in debt collection activities when it provided legally required notices of foreclosure; and **(4)** Regional's lawful foreclosure activities did not violate Washington's Consumer Protection Act.

## II. STATEMENT OF FACTS

Plaintiff executed an Adjustable Rate Balloon Note ("Note") in the amount of $260,000 on or about January 19, 2007.[1] Plaintiff then secured the Note with a Deed of Trust to the subject property located at 10722 18th Avenue Southwest in Seattle, Washington.[2] The Deed of Trust names the Plaintiff as the borrower and trustor, New Century Mortgage Corporation as the lender, Old Republic Title, Ltd. as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.[3] The Deed of Trust defines MERS role as "nominee for Lender and Lender's successors and assigns."[4] The Deed of Trust was recorded on January 24, 2007 in the real property records of King County as document number 20070124002146.[5]

As of June 1, 2008, the Plaintiff fell into default on the Note.[6] Regional executed and delivered a Notice of Default on or around November 4, 2008 to the Plaintiff.[7] The Notice of Default recites that "[t]he beneficial interest under said Deed of Trust and the obligations secured thereby are

---

[1] Second Amend. Compl. at ¶ 2.1, Ex. 2AC2.
[2] Req. for Judicial Notice, Ex. 1 (hereinafter "RJN"); Second Amend. Compl., Ex. 2AC3.
[3] *Id.* at 1-2.
[4] Second Amend. Compl., Ex. 2AC3 at 2.
[5] *Id.*
[6] Aff. of Deborah Kaufman in Supp. of Def's Mot. for Summ. J ¶ 4, Ex. A.
[7] *Id.*

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 2

*Law Offices*
R O B I N S O N   T A I T ,  P. S .
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

presently held by or will be assigned to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4."[8]

On November 7, 2008, an Assignment of Deed of Trust records in the real property records of King County under document number 20081107001076.[9] By means of this recorded document, MERS assigned its interests in the Deed of Trust to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4 ("Deutsche"). The Assignment was executed on November 5, 2008.[10] On the same day, Deutsche appoints Regional as successor Trustee under the Deed of Trust. The Appointment of Successor Trustee records as document number 20081107001077 in the records of King County.[11]

On December 5, 2008, Regional records a Notice of Trustee's Sale regarding the Plaintiff's property.[12] The Notice sets a sale date of March 6, 2009.[13] The Notice also recites that the beneficial interest under the Deed of Trust is presently held by Defendant Deutsche.[14] The scheduled sale does not happen; rather, the sale was postponed several times as the servicer at that time attempted to engage in loss mitigation efforts with the borrower.[15] The 120 day maximum postponement date elapsed while the sale was postponed.[16]

Unfortunately, loss mitigation efforts were not successful, and the Plaintiff remained in default. Regional subsequently issued a new Notice of Default on or around November 9, 2009.[17] The new Notice recites that Deutsche presently holds or would be assigned the beneficial interest

---

[8] *Id.* at ¶ 5, Ex. A.
[9] Second Amend. Compl., Ex. 2AC4; RJN, Ex. 2.
[10] *Id.*
[11] Second Amend. Compl., Ex. 2AC6; RJN, Ex. 3.
[12] Kaufman Aff. at ¶ 6, Ex. B.
[13] *Id.* at ¶ 7.
[14] *Id.*
[15] *Id.* at ¶ 8.
[16] *Id.*
[17] *Id.* at ¶ 9, Ex. D.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 3

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

under the Deed of Trust.[18] Regional followed the new Notice of Default with recording a new Notice of Trustee's Sale on December 31, 2009 under document number 20091231001111.[19] The Notice of Sale sets a sale date of April 2, 2010.[20] The Notice also recites that Deutsche is the holder of the beneficial interest under the Deed of Trust.[21] Prior to recording the second Notice of Trustee's Sale, Regional received an Affidavit of Possession of Note signed by Johnna Miller, an authorized signer for Ocwen Loan Servicing, LLC ("Ocwen").[22] The Affidavit states that Ocwen is the servicing agent for Deutsche, and that Deutsche is the owner of the Note made by the Plaintiff.[23]

Both Notices of Trustee's Sale contain a sum that the borrower must pay by a certain date in order to cure the default and avoid the foreclosure.[24] The sum is broken out into of delinquent amounts, including a figure for so-called "beneficiary advances." The loan servicer provides these beneficiary advances amounts to Regional as part of the packet of financial information regarding the borrower's loan and delinquency.[25]

Before the scheduled sale date arrived, Regional received a copy of a Qualified Written Request ("QWR") from the Plaintiff.[26] On March 24, 2010, Regional informed Ocwen that it had received the QWR and that it could not proceed to sale until it received a copy of the response to the QWR.[27] Regional then postponed the sale pending a response from Ocwen.[28] Regional confirmed that Ocwen responded to the Plaintiff's QWR on April 20, 2010.[29] However, by that time, the

---

[18] *Id.*
[19] *Id.* at ¶ 11, Ex. E.
[20] *Id.* at ¶ 12.
[21] *Id.*
[22] *Id.* at ¶ 13, Ex. F.
[23] *Id.*
[24] *Id.* at ¶ 14.
[25] *Id.*
[26] *Id.* at ¶ 15.
[27] *Id.*
[28] *Id.*
[29] *Id.* at ¶ 16.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 4

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

Plaintiff had issued another QWR, and the sale remained on hold.[30] Regional sent several requests to Ocwen related to the second QWR, and whether Ocwen considered the matter closed.[31] During the time the requests were pending, Regional continued to postpone the sale date to the maximum allowable date, July 30, 2010.[32] Ocwen, responding to Regional's requests for information about the QWR, requested that Regional continue to place the sale on hold.[33] Regional did not proceed to sale by the maximum sale date, and the sale was cancelled.[34] On August 10, 2010, Regional recorded a Notice of Discontinuation of Trustee's Sale under document number 20100810000802 in the records of King County.[35] To date, Regional has not restarted any foreclosure efforts with regard to Plaintiff's property.[36]

### III.   STATEMENT OF ISSUES:

A. Did Regional violate Washington's Deeds of Trust Act when it recited the name of the owner of the Note and holder of the beneficial interest as Deutsche in the first Notice of Trustee's Sale?

B. Did Regional act in good faith towards the borrower when it first recited the identity of the Note holder, and later provided an Affidavit swearing to the same?

C. Did Regional violate the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607(b) when it provided notice that of the amount of claimed "Beneficiary Advances" on the Notices of Trustee's Sale.

D. Were Regional's actions relating to the foreclosure exempted from the Fair Debt Collection Practices Act's (FDCPA) provisions, thus obviating Plaintiff's claims?

E. Did Regional violate Washington's Consumer Protection Act when it undertook lawful foreclosure activities based on the records and representations it had received from the loan servicers?

//
//
//

---

[30] *Id.*
[31] *Id.*
[32] *Id.* at ¶ 17.
[33] *Id.*
[34] *Id.*
[35] *Id.* at ¶18, Ex. G; Second Amend. Compl. at ¶¶ 2.7.6, 2.8.2.4.
[36] *Id.* at ¶ 19.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 5

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

## IV.   AUTHORITY AND ARGUMENT

### A. Summary Judgment Standard

Summary judgment is warranted if no material issue of fact exists for trial.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1996).  The underlying facts are viewed in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348; 89 L. Ed. 2d 538 (1986).  "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505; 91 L. Ed. 2d 202 (1986).  The party moving for summary judgment has the initial burden to show the absence of a genuine issue concerning any material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S. Ct. 1598; 26 L. Ed. 2d 142 (1970).  Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548; 91 L. Ed. 2d 265 (1986).

To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.  *Id.* at 324.  In *Matsushita Electric Insdustrial*, the Court expounded:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'

475 U.S. at 586-87 (internal citations omitted).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 6

*Law Offices*
R O B I N S O N   T A I T, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

### B. Regional Did Not Violate The Deed Of Trust Act because it Identified the Note Holder on the First Notice of Trustee's Sale, and Included an Affidavit of Possession of Note on the Second Notice.

Plaintiff's First Cause of Action alleges that Regional violated the Deed of Trust Act because it failed to confirm who the current beneficiary pursuant to the duty imposed by RCW 61.24.030(7)(a) which states:

> That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. **A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.** [Emphasis Added]

This section was enacted by Senate Bill 5810, Chapter 292, Laws of 2009, which amended RCW 61.24.030, effective July 26, 2009, to include the above provision.  The first Notice of Trustee's Sale was recorded on December 5, 2008, prior to the effective date of subsection (7)(a) above.  Former RCW 61.24.030 had no such provision.

Regional complied with RCW 61.24.030(7)(a) when it recorded the second Notice of Trustee's Sale on December 31, 2009.  Prior to recording of the second NOTS, Regional obtained an Affidavit of Possession of Note dated December 10, 2009 from Ocwen which identified Deutsche as the owner of the Note.  This Affidavit did not materially differ from prior representations; at no time relevant to this case did Regional represent that any entity other than Deutsche was the holder and owner of the Note.

Regional was entitled to rely on the Affidavit of Possession signed by Ocwen as servicing agent for Deutsche.  RCW 61.24.030(7)(b) states that "[u]nless the trustee has violated his or her duty under RCW 61.24.010(4), the trustee is entitled to rely on the beneficiary's declaration as evidence of

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 7

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

proof required under this subsection." The cross-referenced provision, RCW 61.24.010(4) states: "[t]he trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor." There are no meritorious allegations that Regional breached its duty of good faith towards the Plaintiff with regard to its identification of Deutsche as the owner of the Note.

Plaintiff's allegations of bad faith are similar to those brought against a trustee in *Mickelson v. Chase Home Finance, LLC*, No. C11-1445 MJP, 2011 U.S. Dist. LEXIS 131818 (W.D. Wash. 2011). In *Mickelson*, the Plaintiff alleged that the original trustee under a deed of trust violated its duty of good faith to the borrower when it failed to investigate whether an appointment of successor trustee was invalid. 2011 U.S. Dist. LEXIS 131818 at *4. The Plaintiff's underlying allegations of invalidity ring in unison with those of the Plaintiff here: MERS was not a proper beneficiary and could not assign the Deed of Trust; the assignee therefore could not appoint a successor trustee. *Id.* at *3. The court, however, opined that those claims were untenable and dismissed the borrower's claims against the original trustee. *Id.* at *7,*10. The court reasoned:

> As related to this case, the Court finds that the duty of good faith extends only to ensuring that there are no obvious or known defects in the documents replacing the trustee. Plaintiffs would have every trustee conduct a secondary investigation into the papers filed by the beneficiary, which is simply too great a demand.

*Id.* at *9. This Court should adopt a similar line of reasoning with regard to the facts in the instant case. The Plaintiff's theories as to why Deutsche may not be the lawful beneficiary, or why the assignment of deed of trust was somehow invalid, rest on specious grounds and unverified conjecture. Regional did not have a duty to undertake an investigation into the ownership of the Note in order to satisfy its duty of good faith in the absence of facts or circumstances that would call for greater inquiry. Plaintiff has not and cannot demonstrate any such facts with regard to his loan. As such, Regional was entitled to rely on the Affidavit of Ocwen under the Deed of Trust Act.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 8

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

Finally, Plaintiff's reliance on a letter from former Attorney General Rob McKenna is misplaced. Assuming that the letter attached as Exhibit 2AC12 is a true and correct copy of the actual letter sent by Mr. McKenna, it was created *after* the events giving rise to the instant action, on October 13, 2010. It is undisputed that Regional cancelled the Trustee's sale and recorded a Notice of Discontinuance of Trustee's Sale on August 10, 2008. Regional's cancellation predates the letter by more than two months. The letter and its contents are simply irrelevant to the instant case.

### C. **Regional did not Violate RESPA when it Provided Notice of the Beneficiary Advances in both Notices of Trustee's Sale.**

Plaintiff attempts to lump Regional together with the other defendants in his claim that the so-called "beneficiary advances" were somehow unearned service fees. First, as a factual matter, Regional was not responsible for these fees. As the Affidavit of Deborah Kaufman filed with this motion indicates, Regional received a packet of financial information related to the Plaintiff's loan and default thereon. The beneficiary advances are included in the figures owing. Thus, Regional is simply providing notice of the advances. it did not give or accept any charge or percentage of any charge made for rendering a "real estate settlement service." *Cf.* 12 U.S.C. 2607(b).

Second, Regional is the successor trustee under the deed of trust and was not involved in the loan origination process. *Cf. Thurman v. Barclays Capital Real Estate Corp.,* 2011 U.S. Dist. LEXIS 22925 (E.D. Cal. Mar. 7, 2011) (dismissing plaintiff's claims in part for failure to "allege any facts suggesting how defendants could have violated § 2607(b), given that they were not involved in the loan origination.") Thus, the statutory proscription of unearned fees in the closing process does not apply to Regional.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 9

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

Third, the so-called "beneficiary advances" listed on both Notices of Trustee's Sale are not charges for settlement services as defined under RESPA. The Real Estate Settlement Procedures Act ("RESPA"), at 12 U.S.C. 2607(b) reads:

> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

Normally, settlement services relate to those services rendered in the settlement, also known as "closing" of a real estate transaction. The court in *McAnaney v. Astoria Finance Corp.*, 357 F.Supp.2d 578, 590 (E.D.N.Y. 2005) cited Blacks law dictionary as defining a "'closing,' also known as 'settlement,' as 'the final meeting between the parties to a transaction, at which the transaction is consummated; esp., in real estate, the final transaction between the buyer and seller, whereby the conveyancing documents are concluded and the money and property transferred." It is undisputed that Plaintiff completed the closing of the loan at the same time as he acquired the property, on or about January 19, 2007. Regional is the successor Trustee, and has nothing to do with the settling of the loan.

The Ninth Circuit has adopted a temporal bright line rule to cut off RESPA application to charges incurred after the closing of the real estate transaction. *Bloom v. Martin*, 77 F.3d 318, 320-21 (9th Cir. 1996). In *Bloom*, the court considered the language of the statute, administrative regulations, other sections of the statute, and case law in other circuits to conclude that RESPA's anti-fee-splitting provisions only apply to charges incurred leading up to or at the time of closing. *Id.* Applying *Bloom* to the disputed charges in this case places them outside the closing, and thus RESPA does not apply.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 10

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

Fourth, despite the fact that RESPA does not apply to the beneficiary advances, Regional acted in good faith towards the Plaintiff when it received a copy of his QWR directed at the loan servicer. Once the amount of the charges was questioned, Regional informed Ocwen that it would not go to sale until Plaintiff's request had received a response. Because Regional did not receive the response to Plaintiff's second QWR, it continued to postpone the sale until it reached the maximum sale date and ultimately cancelled the sale. It is difficult to conceive of a more appropriate course of conduct for a Trustee than what Regional did in this case.

Finally, the Plaintiff has suffered no actual damages. 12 U.S.C. 2607(d)(2) states "Any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of *any charge paid* for such settlement service." (emphasis added). Because the property has not been sold at trustee's sale, the beneficiary advances were never recovered by the beneficiary. Additionally, it is undisputed that Plaintiff has neither reinstated his loan by paying off the arrears and other fees, nor has he paid off the loan in full. Thus, Plaintiff has not suffered any actual loss of money in the amount of these beneficiary advances, irrespective of whether they were earned.

**D. Regional did not Violate the FDCPA because its Legally Required Foreclosure Activities do not Constitute "Debt Collection Activities" under the Statute.**

To be liable for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), the defendant "must--as a threshold requirement--fall within the Act's definition of 'debt collector.'" *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1198 (C.D. Cal. 2008) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995); *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998)). While it is true that Regional holds itself out

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 11

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

as a debt collector,[37] the pertinent question for this Court's analysis is whether the actions of Regional were "debt collection activities' under the FDCPA.

Numerous district courts have held that the activity of foreclosing on a property pursuant to a deed of trust is not "collection of a debt" within the meaning of the FDCPA. *See*, *e.g.*, *Diessner v. Mortgage Elec. Reg. Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009); *Izenberg*, 589 F. Supp. 2d at 1199; *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *Ricon v. Recontrust Co.*, No. 09cv9370IEG-JMA, 2009 U.S. Dist. LEXIS 67807, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009). As the Court in *Hulse* has explained:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property . . . Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

195 F.Supp.2d at 1204. Regional, as the foreclosure trustee, does not fall under the purview of the FDCPA. Plaintiff's claims against Regional are meritless, as the FDCPA does not apply to Regional. As such, plaintiff's claims against Regional should be dismissed with prejudice.

**E. Regional did not Violate Washington's Consumer Protection Act when it Undertook Lawful Foreclosure Activities and Relied upon Representations and Sworn Statements from the Beneficiary's Agent.**

Plaintiff's claim that Regional violated Washington's Consumer Protection Act ("CPA") is meritless. In order to prevail on his claim, Plaintiff must establish five distinct elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables,*

---

[37] Second Amend. Compl. at ¶ 3.6.2

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 12

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

*Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Here, Plaintiff does not and cannot establish elements 1, 3, 4 and 5; thus, his claim fails.

First, Regional's actions were not unfair or deceptive. Whether a practice is unfair or deceptive is a question of law for the court to decide if the parties do not dispute what the parties did. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 74, 170 P.3d 10 (2007). To satisfy the first element, Plaintiffs must show that the act or practice either has a capacity to deceive a substantial portion of the public or that it constitutes an unfair trade or practice. *Hangman Ridge*, 105 Wn.2d at 785. Plaintiff's allegations of unfair or deceptive practices are derivative of his other claims. Namely, he alleges that Regional failed to validate the debt or verify that the foreclosing beneficiary was entitled to induce the foreclosure. As demonstrated above, neither of these allegations have merit.

At no time did Regional represent that any other entity besides Deutsche was the holder of the Note, and relied properly on the affidavit of Deutsche's agent, Ocwen. Plaintiff resurrects his allegation that Regional should have known that the Note had not been properly deposited in the mortgage loan pool trust because the Assignment of Deed of Trust records 16 months after the so-called "closing date" of the deposit period.[38] Plaintiff presupposes that Regional accept his discredited note-splitting theory over the plain language of RCW 61.24.030(7)(a) and (b). Even if this Court were to accept that theory, there is no evidence that Regional is ever apprised of the content of the governing documents of mortgage loan pools, and as the *Mickelson* court concluded, Regional has no free floating duty to perform some forensic investigation regarding the chain of ownership of the Note. 2011 U.S. Dist. LEXIS 131818 at *9.

---

[38] Second Amend. Compl. at ¶ 3.8.2.3.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 13

Regional acted in accordance with its twin duties to beneficiary and borrower, postponing the Trustee's sale when the borrower attempted to engage the lender in loss mitigation efforts, and when the borrower raised questions in the form of a QWR.  Regional ultimately cancelled the sale and did not restart the foreclosure after the maximum sale date was reached.  Regional was bound to give the beneficiary time to respond to the borrower's questions, just as it was bound to give the borrower time to have his questions answered.

Second, Plaintiff cannot establish a public interest impact.

> "[T]he presence of public interest is demonstrated when the proof establishes that (1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce has induced the plaintiff to act or refrain from acting; (2) the plaintiff suffers damage brought about by such action or failure to act; and (3) the defendant's deceptive acts or practices have the potential for repetition."

*Anhold v. Daniels*, 94 Wn.2d 40, 46 (1980).  Alternatively, a plaintiff could establish the public interest element per se by showing that the defendant violated a statute containing a specific legislative declaration of public interest impact. *Id.* at 43.  The *Anhold* test subsumes the unfair and deceptive requirement, and as demonstrated by the uncontroverted facts of this case, Plaintiff cannot make that showing.  In addition, Plaintiff fails to plead that Regional's actions caused him to act or refrain from acting, aside from filing the lawsuit to stop the foreclosure.  Even if the Court finds a lawsuit sufficient to satisfy the first element, the Plaintiff cannot demonstrate that he was damaged, as he is in default on his loan and the risk of loss of property was caused by his actions, not by those of Regional or the other defendants.

With respect to repetition, while it is true that Regional serves as trustee under a significant number of deeds of trust in Washington, the issues dealing with Plaintiff's default and foreclosure are unique to him.  Regional concedes however, that if another borrower sent it a QWR questioning

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 14

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

certain aspects of the charges and amounts in default, Regional would act in exactly the same way: which is to say that it would refer the question to the beneficiary or the loan servicer, and postpone or cancel the sale if no answer was forthcoming.  In addition, Regional will continue to rely on affidavits of possession of note holder, as it is entitled to do under the Deed of Trust Act.

Finally, Plaintiff cannot establish damage or causation.  Plaintiff's property has not gone to foreclosure, and he has not lost fee title to the property.  However, Plaintiff is in default on the loan, so even if this Court were to find the element of damage adequately demonstrated, Plaintiff would not be able to escape the inevitable conclusion that Plaintiff's failure to make monthly payments since June of 2008 were the proximate cause of the foreclosure.

**F. Plaintiff's Claims for Declaratory and Injunctive Relief are Meritless and Inappropriate in Light of the Facts before this Court because the Chain of Title is Intact and Permanent Injunction would be an Extreme Remedy.**

The chain of title reflects a clear sequence of ownership in the beneficial interest under the subject Deed of Trust.  As demonstrated in the Request for Judicial Notice, the beneficial interest under the Deed of Trust was assigned by MERS to Deutsche, who currently holds both the Note and Deed of Trust.  Deutsche properly appointed Regional as successor Trustee.  Even under the recent *Bain v. Metropolitan Mortgage Group, Ind.* approves of foreclosures in cases where the note holder is the party seeking to enforce the security instrument and foreclose.  175 Wn.2d 83, 285 P.3d 34 (2012).  In the present case, we have precisely that scenario.  The *Bain* court made clear that the mere presence of MERS in a deed of trust transaction does not render that transaction (or subsequent foreclosure proceedings) improper per se.  Instead, the loan purchaser must establish its ownership, either by demonstrating that it holds the Note or by documenting the chain of transactions.  *Hanson v. Mortgage Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 176940 (W.D. Wash. Dec. 13, 2012).  For that reason, Judge Leighton concluded in *Hanson* that U.S. Bank was authorized to foreclose and

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 15

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640

denied the borrower's motion for a restraining order.  *Id*; *see also Florez v. OneWest Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 56111, *3-4 (W.D. Wash. Apr. 3, 2012) (explaining that the situation at issue here is unlike the situation in *Bain*. In *Bain,* the alleged authority to foreclose was based solely on MERS's assignment of the deed of trust, rather than on possession of the Note.  Here, however, the undisputed facts establish that Deutsche has authority to foreclose, independent of MERS, since Deutsche currently holds the Note.

Plaintiff's claim for a permanent injunction is an extreme remedy that borders on the absurd. Regional has cancelled the foreclosure of Plaintiff's property, and has recorded a Notice of Discontinuation of Sale.  At this time, Regional has no active foreclosure file with regard to Plaintiff's property.  However, to the extent that this Court could conclude, on the facts as presented, that permanently enjoining the beneficiary's ability to enforce the deed of trust without resorting to the courts of the state, Regional stands ready to abide by such a ruling.

### V.   CONCLUSION

Defendant Regional Trustee Services Corporation respectfully requests this Court grant its Motion for Summary Judgment and dismiss the Plaintiff's Complaint as to Regional in its entirety.

DATED this 25th day of February, 2013.

/s/ Nicolas A. Daluiso
Nicolas A. Daluiso, #23505
Ryan M. Carson, #41057
Attorneys for Regional Trustee
Services Corporation

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 16

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2013, I electronically filed the foregoing DEFENDANT REGIONAL TRUSTEE SERVICES CORPORATION'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES using the CM/ECF system, which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

      /s/ Isabelle Evans_____
Isabelle Evans
An employee of Robinson Tait, P.S.

DEFENDANT REGIONAL TRUSTEE SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 17

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640