UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHIMPHA THEPVONGSA,<br><br>    Plaintiff,<br><br>v.<br><br>Regional Trustee Services Corporation; Old Republic Title Company LTD.; Ocwen Loan Servicing LLC, Saxon Mortgage Services, Mortgage Electronic Registration Systems, Inc.; New Century Mortgage Corporation; Deutsche Bank National Trust Company; Mortgage Stanley ABS Capital 1 Inc.; Doe Defendants 1 thorugh 20,<br><br>    Defendants. | NO. 2:10-cv-01045-RSL<br><br>**AFFIDAVIT OF DEBORAH KAUFMAN IN SUPPORT OF DEFENDANT REGIONAL TRUSTEE SERVICES CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |

STATE OF WASHINGTON  )
                                              ) ss.
COUNTY OF KING             )

I, Deborah Kaufman, being first duly sworn upon oath deposes and says:

1. That I am a citizen of the United States, over the age of 21 years, and competent to be a witness herein.

AFFIDAVIT OF DEBORAH KAUFMAN - 1

Law Offices
ROBINSON TAIT
A Professional Service Corporation
710 Second Avenue, Suite 710, Seattle, Washington 98104
Telephone (206) 676-9640, Facsimile (206) 676-9659

2. I am the Vice President of Operations for Regional Trustee Services Corporation ("Regional"). I have reviewed the file pertaining to foreclosure of the loan in question. These records are kept in the ordinary course of business and the entries thereon are made by one with personal knowledge at or near the date of the transaction recorded by the one charged with the duty to record the same. I make this Affidavit based upon my review of that file.

3. Regional is the successor Trustee under a Deed of Trust on the property commonly known as 10722 18th Ave. SW, Seattle, WA 98146 (hereinafter, the "Subject Property").

4. As of June 1, 2008, the Plaintiff fell into default on the Note. Regional executed and delivered a Notice of Default on or around November 4, 2008 to the Plaintiff. A true and correct copy of the November 4, 2008 Notice of Default is attached hereto as **Exhibit A.**

5. The Notice of Default recites that "[t]he beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by or will be assigned to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4." (hereinafter "Deutsche")

6. On December 5, 2008, Regional records a Notice of Trustee's Sale regarding the Plaintiff's property. A true and correct copy of the December 5, 2008 Notice of Trustee's Sale is attached hereto as **Exhibit B.**

7. The Notice sets a sale date of March 6, 2009. The Notice also recites that the beneficial interest under the Deed of Trust is presently held by Deutsche.

8. The scheduled sale did not happen; rather, the sale was postponed several times as the servicer at that time attempted to engage in loss mitigation efforts with the borrower. The

Law Offices
ROBINSON TAIT
A Professional Service Corporation
710 Second Avenue, Suite 710, Seattle, Washington 98104
Telephone (206) 676-9640, Facsimile (206) 676-9659

120 day maximum postponement date elapsed while the sale was postponed. True and correct copies of the Certificates of Postponement of the Trustee's sale originally scheduled for March 6, 2009 are attached hereto as **Exhibit C.**

9. Apparently, loss mitigation efforts were not successful, and the Plaintiff remained in default. Regional subsequently issued a new Notice of Default on or around November 9, 2009. A true and correct copy of the November 9, 2009 Notice of Default is attached hereto as **Exhibit D.**

10. The new Notice of Default recites that Deutsche presently holds or would be assigned the beneficial interest under the Deed of Trust.

11. Regional followed the new Notice of Default with recording a new Notice of Trustee's Sale on December 31, 2009 under document number 20091231001111. A true and correct copy of the December 31, 2009 Notice of Trustee's Sale is attached hereto as **Exhibit E.**

12. The Notice of Sale sets a sale date of April 2, 2010. The Notice also recites that Deutsche is the holder of the beneficial interest under the Deed of Trust.

13. Prior to recording the second Notice of Trustee's Sale, Regional received an Affidavit of Possession of Note signed by Johnna Miller, an authorized signer for Ocwen Loan Servicing, LLC ("Ocwen"). The Affidavit states that Ocwen is the servicing agent for Deutsche, and that Deutsche is the owner of the Note made by the Plaintiff. A true and correct copy of the Affidavit of Possession of Note is attached hereto as **Exhibit F.**

14. Both Notices of Trustee's Sale contain a sum that the borrower must pay by a certain date in order to cure the default and avoid the foreclosure. The sum is broken out into of delinquent amounts, including a line item for so-called "beneficiary advances." These

AFFIDAVIT OF DEBORAH KAUFMAN - 3

*Law Offices*
ROBINSON TAIT
*A Professional Service Corporation*
710 Second Avenue, Suite 710, Seattle, Washington 98104
Telephone (206) 676-9640, Facsimile (206) 676-9659

1 beneficiary advances amounts are provided to Regional by the loan servicer as part of the packet of financial information regarding the borrower's loan and delinquency.

15. Before the scheduled sale date arrived, Regional received a copy of a Qualified Written Request ("QWR") from the Plaintiff. On March 24, 2010, Regional informed Ocwen that it had received the QWR and that it could not proceed to sale until it received a copy of the response to the QWR. Regional then postponed the sale pending a response from Ocwen.

16. Regional confirmed that Ocwen responded to the Plaintiff's QWR on April 20, 2010. However, by that time, the Plaintiff had issued another QWR, and the sale remained on hold. Regional sent several requests to Ocwen related to the second QWR, and whether Ocwen considered the matter closed.

17. During the time the requests were pending, Regional continued to postpone the sale date to the maximum allowable date, July 30, 2010. Ocwen, responding to Regional's requests for information about the QWR, requested that Regional place the sale on hold. Regional did not proceed to sale by the maximum sale date, and the sale was cancelled.

18. On August 10, 2010, Regional recorded a Notice of Discontinuation of Trustee's Sale under document number 20100810000802 in the records of King County. A true and correct copy of the August 10, 2010 Notice of Discontinuance of Trustee's Sale is attached hereto as **Exhibit G**.

//
//
//
//

AFFIDAVIT OF DEBORAH KAUFMAN - 4

Law Offices
ROBINSON TAIT
A Professional Service Corporation
710 Second Avenue, Suite 710, Seattle, Washington 98104
Telephone (206) 676-9640, Facsimile (206) 676-9659

19. To date, Regional has not restarted any foreclosure efforts with regard to Plaintiff's property.

DATED on February 22, 2013 in Seattle, Washington.

_____
Deborah Kaufman

SUBSCRIBED AND SWORN TO before me on February 22, 2013.

_____
NOTARY PUBLIC in and for the State of Washington, residing at Seattle

Cordelia E. Hall-Reinhard
(printed or typed name)
My appointment expires: 2/25/14

CORDELIA E. HALL-REINHARD
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES
02-25-14

AFFIDAVIT OF DEBORAH KAUFMAN - 5

Law Offices
ROBINSON TAIT
A Professional Service Corporation
710 Second Avenue, Suite 710, Seattle, Washington 98104
Telephone (206) 676-9640, Facsimile (206) 676-9659

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2013, I electronically filed the foregoing AFFIDAVIT OF DEBORAH KAUFMAN IN SUPPORT OF DEFENDANT REGIONAL TRUSTEE SERVICES CORPORATION'S MOTION FOR SUMMARY JUDGMENT using the CM/ECF system, which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

/s/ Isabelle Evans
Isabelle Evans
An employee of Robinson Tait, P.S.

AFFIDAVIT OF DEBORAH KAUFMAN - 6