EXHIBIT "D"

**NOTICE OF DEFAULT**
*Pursuant to R.C.W. Chapter 61.24, et seq. and 62A.9A-604(a)(2) et seq.*

Trustee Sale No.: 01-FMG-82665



1.  **DEFAULT**

**YOU ARE HEREBY NOTIFIED** that the Beneficiary has declared you, the borrower or grantor, in default on the obligations secured by a Deed of Trust recorded under Auditor's/Recorder's No. 20070124002146, records of KING County, Washington; originally granted for the benefit of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR NEW CENTURY MORTGAGE CORPORATION, as beneficiary. The beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by or will be assigned to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4. Said Deed of Trust encumbers the following described real property in KING County:

LOT(S) 4, BLOCK 11, OAK PARK, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 22 OF PLATS, PAGE(S) 72, RECORDS OF KING COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

The postal address of the Property is purported to be: 10722 18TH AVENUE SOUTHWEST, SEATTLE, WA 98146.

You should take care to protect your interest in your home. This notice of default (your failure to pay) is the first step in a process that could result in your losing your home. You should carefully review your options. For example:

Can you pay and stop the foreclosure process?
Do you dispute the failure to pay?
Can you sell your property to preserve your equity?
Are you able to refinance this loan or obligation with a new loan or obligation from another lender with payments, terms, and fees that are more affordable?
Do you qualify for any government or private homeowner assistance programs?
Do you know if filing for bankruptcy is an option? What are the pros and cons of doing so?

Do not ignore this notice; because if you do nothing, you could lose your home at a foreclosure sale. (No foreclosure sale can be held any sooner than ninety days after a notice of sale is issued and a notice of sale cannot be issued until thirty days after this notice.) Also, if you do nothing to pay what you owe, be careful of people who claim they can help you. There are many individuals and businesses that watch for the notices of sale in order to unfairly profit as a result of borrower's distress.

You may feel you need help understanding what to do. There are a number of professional resources available, including home loan counselors and attorneys, who may assist you. Many legal services are lower-cost or even free, depending on your ability to pay. If you desire legal help in understanding your options or handling this default, you may obtain a referral (at no charge) by contacting the county bar association in the county where your home is located. These legal referral services also provide information about lower-cost or free legal services for those who qualify. You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.

2.  **STATEMENT OF DEFAULT AND ITEMIZED ACCOUNT OF AMOUNTS IN ARREARS:**

The beneficiary alleges that you are in default for failure to pay the following past due amounts, which are in arrears:

|  | Amount due as of November 9, 2009 |
|---|---|
| Delinquent Payments from June 01, 2008 |  |
| 1 payments at $ 2,151.92 each | $ 2,151.92 |
| 8 payments at $ 2,222.57 each | $ 17,780.56 |
| 4 payments at $ 2,221.29 each | $ 8,885.16 |
| 5 payments at $ 2,230.29 each | $ 11,151.45 |
| (06-01-08 through 11-09-09) |  |
| Late Charges: | $ 2,151.63 |
| Beneficiary Advances: | $ 4,749.77 |
| Suspense Credit: | $ 0.00 |
| TOTAL: | $ 46,870.49 |

If you have failed to pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust, the beneficiary may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums. These requirements for reinstatement should be confirmed by contacting the undersigned Trustee.

3.   OTHER CHARGES, COSTS AND FEES:

In addition to the amounts in arrears specified above, you, the borrower, grantor, or any guarantor, are or may be obligated to pay the following charges, costs and fees to reinstate the Deed of Trust if reinstatement is made before recording of the Notice of Trustee's Sale.

| Trustee Fee | $ 405.00 |
|---|---|
| Certified Mailing Cost | $ 31.25 |
| Posting Cost | $ 55.00 |
| TSG Cancellation Cost | $ 1,050.00 |
| TOTAL CHARGES, COSTS AND FEES: | $ 1,541.25 |

4.   REINSTATEMENT:   **IMPORTANT! PLEASE READ!**

THE ESTIMATED AMOUNT NECESSARY TO REINSTATE YOUR NOTE AND DEED OF TRUST BEFORE THE RECORDING OF THE NOTICE OF TRUSTEE'S SALE IS THE SUM OF PARAGRAPHS 2 AND 3 ABOVE IN THE AMOUNT OF $48,411.74, PLUS the amount of any monthly payments and late charges which may fall due after the date of this Notice of Default. However, because some of the items can only be estimated at this time and because the amount needed to reinstate your loan may include presently unknown expenditures required to preserve the property or to comply with state or local laws, it will be necessary for you to contact the undersigned prior to the time you tender funds so that you may be advised of the exact amount you will be required to pay.

Reinstatement monies may be tendered to (CERTIFIED OR CASHIER'S CHECK REQUIRED)

REGIONAL TRUSTEE SERVICES CORPORATION
616 1st Avenue, Suite 500
Seattle, WA 98104

If your default includes a default other than failure to pay monthly payments and/or late charges when due, then in order to reinstate the Note and Deed of Trust before the Notice of Trustee's Sale is recorded, you must cure such other default(s).

5.  CONSEQUENCES OF DEFAULT:

a.  Failure to cure the alleged default within thirty days of the mailing of this notice, or if personally served, within thirty days of the date of personal service thereof, may lead to recordation, transmittal and publication of a Notice of Trustee's Sale, and the Property described in paragraph 1 above may be sold at public auction at a date no less than 120 days in the future.

b.  The effect of the recordation, transmittal and publication of a Notice of Trustee's Sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the Property described herein for sale.

c.  If the default(s) described above is (are) not cured within thirty days of the mailing of this notice, the lender hereby gives notice that the entire principal balance owing on the note secured by the Deed of Trust described in paragraph 1 above, and all accrued and unpaid interest, as well as costs of foreclosure, shall immediately become due and payable. Notwithstanding acceleration, the grantor or the holder of any junior lien or encumbrance shall have the right after acceleration to reinstate by curing all defaults and paying all costs, fees and advances, if any, made pursuant to the terms of the obligation and/or deed of trust on or before 11 days prior to a Trustee's sale.

d.  The effect of a Trustee's Sale of the grantor's Property by the trustee will be to deprive the grantor of all of their interest in the Property described in paragraph 1 above.

6.  RECOURSE TO COURTS:

The borrower, grantor and any guarantor has recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground.

DATED: 11/9/2009

REGIONAL TRUSTEE SERVICES CORPORATION
Trustee and/or Agent for the Beneficiary

By_____
ANNA EGDORF, AUTHORIZED AGENT
616 1st Avenue, Suite 500, Seattle, WA 98104
Telephone: (206) 340-2550

## FORECLOSURE LOSS MITIGATION DECLARATION

Trustee s Sale No: 01-FMG-82665          Loan No:

(Please select applicable option(s) below)

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that [check the applicable box and fill in any blanks so that the trustee can insert, on the beneficiary's behalf, the applicable declaration in the notice of default required under chapter 61.24 RCW]:

(1) [X] The beneficiary or beneficiary's authorized agent has contacted the borrower under, and has complied with, section 2 of this act (contact provision to "assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure").

(2) [ ] The beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required in section 2(5) of this act and, after waiting fourteen days after the requirements in section 2 of this act were satisfied, the beneficiary or the beneficiary's authorized agent sent to the borrower(s), by certified mail, return receipt requested, the letter required under section 2 of this act.

(3) [ ] The borrower has surrendered the secured property as evidenced by either a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.

(4) [ ] Under section 2 of this act, the beneficiary or the beneficiary's authorized agent has verified information that, on or before the date of this declaration, the borrower(s) has filed for bankruptcy, and the bankruptcy stay remains in place, or the borrower has filed for bankruptcy and the bankruptcy court has granted relief from the bankruptcy stay allowing the enforcement of the deed of trust.

I declare under penalty of perjury under the laws of the State of **WA** and the laws of the United States that the foregoing is true and correct.

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., MSAC 2007-NC4

(Signature)                    Date: 11/6/09

**Shari Landram**
**Default Coordinator**
Name