**DECLARATION OF GINA JOHNSON**

I, Gina Johnson, declare as follows:

1. I am employed as a Senior Loan Analyst for Ocwen Loan Servicing, LLC ("Ocwen"), and I am authorized to make this declaration on behalf of Ocwen as attorney-in-fact for Deutsche Bank National Trust Company, as Trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC4 Mortgage Pass Through Certificates, Series 2007-NC4 ("Deutsche Bank as Trustee").

2. I make this declaration based on my personal knowledge of the facts contained herein. My personal knowledge is based on my review of the Servicing Records described below.

3. In the regular performance of my job functions at Ocwen, I am familiar with the business records maintained by Ocwen for the purposes of servicing mortgage loans, collecting payments and pursuing any delinquencies (the "Servicing Records"). Ocwen's Servicing Records typically include electronic data compilations and imaged documents pertaining to the loans it services.

4. Based on my training and my general knowledge of the processes by which they are created and maintained, Ocwen's Servicing Records were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of the business activity regularly conducted by Ocwen. It is the regular practice of Ocwen's mortgage servicing business to make and update its Servicing Records.

5. Ocwen is responsible for servicing Phimpha Thepvongsa's ("Plaintiff") mortgage loan (Ocwen Loan number 70932199, the "Loan") as attorney-in-fact for Deutsche Bank as

---

DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

1

Trustee, and is authorized to make this declaration as the servicer for the Loan. Ocwen Loan number 70932199 is the same exact loan as Saxon Loan number 2000272321. Ocwen simply relabeled the Loan using its own numbering system once the Loan boarded with Ocwen.

6.  The Loan records reflect that Plaintiff executed the Loan on or about January 19, 2007. The promissory note ("Note") is secured by the deed of trust ("Deed of Trust") for the property located at 10722 18th Avenue, Southwest, Seattle, Washington 98146 (the "Property"). True and correct copies of the Deed of Trust and Note are attached as **Exhibits 1 and 2** respectively.

7.  The original beneficiary is identified in the Loan documents as New Century Mortgage Corporation ("New Century").

8.  Mortgage Electronic Registration Systems, Inc. ("MERS") is identified in the Loan documents as the nominee for New Century and the successors and assigns of the Loan, which includes Deutsche Bank as Trustee.

9.  The Note was subsequently endorsed in blank by New Century making the Note bearer paper to which it was transferred to Deutsche Bank prior to June 20, 2007.

10. The transfer of the Note to Deutsche Bank as Trustee was memorialized in a recorded assignment, a true and correct copy of which is attached hereto as **Exhibit 3**. The Assignment was recorded on November 7, 2008 in the King County, Washington Recorder's Office. *See* **Exhibit 3**.

11. On the same date (November 7, 2008), an Appointment of Successor Trustee was recorded, wherein Deutsche Bank as Trustee appointed Regional Trustee Services Corporation as Trustee under the Deed of Trust. A true and correct copy of the Appointment of Successor Trustee is attached hereto as **Exhibit 4**.

**DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

2

12. On November 4, 2008, a Notice of Default was mailed to Plaintiff. A true and correct copy of the Notice of Default is attached hereto as **Exhibit 5**. The Notice of Default provided the name of the current holder of the beneficial interest of the Loan (i.e., Deutsche Bank as Trustee), and the address for Regional Trustee Services Corporation, the entity that was acting as foreclosure trustee. *See* **Exhibit 5**.

13. On December 5, 2008, a Notice of Trustee's Sale was recorded in the King County Recorder's Office, a true and correct copy of which is attached hereto as **Exhibit 6**. A Trustee's Sale was set for March 6, 2009. *See* **Exhibit 6**. However, this sale did not occur. The December 5, 2008 Notice of Trustee's Sale reflected that Plaintiff had defaulted on the Loan, and was delinquent on his payments beginning in June, 2008. *See* **Exhibit 6**.

14. Ocwen began servicing the Loan on or around November 16, 2009, which is the effective date of the service transfer from Saxon. At the time of the service transfer, there were $4,749.77 in accrued fees owing on the Loan. The breakdown of these fees is as follows:

| Description | Amount |
| --- | --- |
| Prior Servicer - Broker Fees (REO) | $105.00 |
| Prior Servicer - Collection Costs | $622.97 |
| Prior Servicer - Foreclosure fees | $2,475.30 |
| Prior Servicer - Property Preservation | $737.00 |
| Prior Servicer - Property Valuation Fee (BPO) | $485.00 |
| Prior Servicer - Title Issues (REO) | $125.00 |
| Prior Servicer - Property Inspection fee | $199.50 |
| **Total** | **$4,749.77** |

**DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

3

1  None of these fees relate to the closing of Plaintiff's real estate transaction, and therefore are not
2  settlement services.
3      15.    At the time of service transfer through the time of the recording of the second
4  Notice of Trustee's Sale, Plaintiff's principal balance was $258,768.44.
5      16.    On November 18, 2009, Ocwen sent a letter to the Plaintiff at 10722 18th Ave.,
6  SW, Seattle, WA 98146. A true and correct copy of the letter is attached as **Exhibit 7**. In this
7  letter, Ocwen stated that it was the servicer for the Loan, and provided the name of the creditor
8  ("MSABS CAP 2007-NC4"). Ocwen further confirmed that the total principal balance on the
9  Loan was $258,768.44, and that Plaintiff owed $33,300.70 in unpaid interest, $561.42 in late
10 charges, $6,230.92 in escrow advances, and collection costs of $4,749.77. *See* **Exhibit 7**.
11     17.    In the letter, Ocwen provided as follows:

> Unless, within thirty days after receipt of this notice, you dispute the validity of this debt or any portion thereof, we will assume the debt to be valid. If, within thirty days of your receipt of this notice, you notify us <u>in writing</u> that the debt, or any portion thereof, is disputed, we will:
>
> 1. Obtain verification of the debt or, if the debt is founded upon a judgment, we will mail to you a copy of such verification or judgment.
>
> 2. If the original creditor is different from the creditor named above, then upon your written request within days of the receipt of this notice we will provide you with the name and address of the original creditor.

19 *See* **Exhibit 7**.
20     18.    A second Notice of Trustee's Sale was recorded on December 31, 2009, setting a
21 sale date for April 2, 2010. A true and correct copy of the second Notice of Trustee's Sale is
22 attached hereto as **Exhibit 8**. This trustee's sale also did not occur. The principal balance of
23 $258,768.44 is also correct.

**DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

4

19. I have reviewed the December 31, 2009, Notice of Trustee's Sale and confirm that the arrearage amounts stated therein are correct as of the execution of the December 31, 2009 Notice of Trustee's Sale. The total arrearage of $51,518.09 is correct.

20. Pursuant to the Note and Deed of Trust, Plaintiff agreed that the Lender and its successors and assigns may charge Plaintiff "fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under [the Deed of Trust], including, but not limited to, attorneys' fees, property inspection and valuation fees." *See* **Exhibit 1**, ¶ 14. Plaintiff also agreed that "the absence of express authority in [the Deed of Trust] to charge a specific fee shall not be construed as a prohibition on charging of such a fee." *See* **Exhibit 1**, ¶ 14. Furthermore, pursuant to the Deed of Trust, Plaintiff was obligated to pay Escrow Items, which included taxes and assessments and other items "which can attain priority over [the Deed of Trust" as a lien or encumbrance on the Property … "Mortgage Insurance premiums." *See* **Exhibit 1**, ¶ 3. When Plaintiff failed to pay the Escrow Items, the Lender and its successors and assigns were authorized to advance these funds to protect its lien interest.

20. Ocwen's records reflect that Plaintiff did not write (or call) within 30 days of November 18, 2009, to discuss the letter or dispute the debt.

21. Ocwen reported Plaintiff's Loan as disputed on several occasions. Ocwen records reflect that Plaintiff's Loan was reported as disputed to the credit bureaus – at a minimum – on November 11, 2011, November 14, 2011, December 9, 2011, January 10, 2012, January 12, 2012, May 22, 2012, and on July 27, 2012. Ocwen also reported Plaintiff's loan as 180 days or more past due each month from December, 10, 2010 to July 2012.

**DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

22.     Attached hereto and incorporated herein to this Declaration is **Exhibit 9** which is a true and correct print-out generated from Ocwen's regularly maintained Servicing Records pertaining to Plaintiff's account.  My review of this Servicing Record marked as **Exhibit** pertaining to Plaintiff's account reveals that, as of March 1, 2013, Plaintiff owes no less than $411,219.10, including principal of $ 258,768.44, accrued interest of $104,977.60, and various charges, fees, and costs. *See* **Exhibit 9**.

23.     The Servicing Records pertaining to Plaintiff's account further reveal that there has been a default in the Plaintiff's Note and Mortgage, and that sufficient and certified moneys to cure the default have not been tendered, nor have there been any agreed extensions, modifications or agreements between the parties to delay foreclosure of Plaintiff's Note and Deed of Trust.

24.     On April 20, 2010, Ocwen sent a letter in response to Plaintiff's "Constructive Legal Notice of Lawful Debt Validation Demand."  A true and correct copy of Ocwen's April 20, 2010 letter is attached hereto as **Exhibit 10**.  In the letter, Ocwen confirmed that servicing of the Loan was transferred on November 16, 2009, from Saxon Mortgage Services, Inc., to Ocwen. *See id*.  Ocwen also confirmed that Plaintiff had made no payments on his Loan since Ocwen acquired servicing of the Loan. *See id*.  Ocwen provided Plaintiff with the date that the Loan originated (January 19, 2007), and that the Loan was, at the time, 23 payments delinquent.  Ocwen also attached Plaintiff's (1) Adjustable Rate Balloon Note, (2) Settlement Statement, and (3) Uniform Residential Loan Application.

25.     Ocwen's records reflect that Plaintiff never disputed the accuracy of any of this information.

**DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

26.     At this time, there is no foreclosure sale scheduled for Plaintiff's property.

I declare under the laws of the United States of America that the foregoing is true and correct. This declaration was executed on this ___29___th day of March, 2013 in Orlando, Florida.

*[signature]*

Name: Gina Johnson
Title:   Senior Loan Analyst
Ocwen Loan Servicing, LLC

---

**DECLARATION OF GINA JOHNSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**